Note.—See under (1) 37 Cyc, p. 1358; (2) 37 Cyc, p. 1358; (3) 37 Cyc, p. 1336; (4) 37 Cyc. p. 1375.

---

## LeCLAIR v. CALLS HIM.

No. 13741—Opinion Filed Feb. 17, 1925.

### 1. Judgment—"Judgment Roll."

The record, or judgment roll, consists of the petition, the process, return, the pleading subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court.

### 2. Judgment—Vacation of Void Judgment.

A void judgment may be vacated at any time, on motion of a party, or any person affected thereby. Such motion is unhampered by limitation of time.

### 3. Same.

A void judgment is, in legal effect, no judgment at all. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are necessarily equally worthless, and have no effect whatever upon the parties or matters in question. A void judgment neither binds nor bars any one. All acts, performed under it, and all claims, flowing out of it, are absolutely void. The parties attempting to enforce it are trespassers.

### 4. Judgment—Default—Insufficiency of Petition.

Facts not alleged, though proved, cannot form the basis of a judgment by default. The only allegations of the petition fixed by the default are those traversable, and issues cannot be joined on mere conclusions of law.

### 5. Judgment—Judgment Outside of Issues —Invalidity.

A judgment, which is entirely outside of any issue made by the pleadings or the evidence in the case, is a nullity.

### 6. Divorce — Annulment After Death for Fraud and Lack of Jurisdiction.

A decree of divorce will be annulled upon the ground of fraud and imposition practiced upon the court or the adverse party.

Where a decree of divorce is void, for want of jurisdiction, it will be set aside after the death of the party, who procured the decree by fraud and imposition.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Kay County; J. W. Bird, Judge.

Motion by Flora LeClair, nee Calls Him, to set aside order of the district court of Kay County, setting aside a judgment obtained by Calls Him, plaintiff, against Louisa Calls Him, defendant, for divorce Petition of Flora LeClair, nee Calls Him, denied, and she appeals. Affirmed.

F. C. Duvall, for plaintiff in error.

Irving D. Ross, W. S. Cline, and William H. Cline, for defendant in error.

Opinion by THOMPSON, C. This is an appeal from a judgment of the district court of Kay county, Okla., overruling motion of Flora LeClair, nee Calls Him, plaintiff in error, to set aside judgment rendered by said court in favor of Louisa Calls Him, defendant in error, vacating a judgment entered in a divorce proceeding of Calls Him, plaintiff, versus Louisa Calls Him, defendant, in said court on the 4th day of May, 1908.

The original petition in the divorce proceeding of Calls Him, plaintiff, versus Louisa Calls Him, defendant, which was filed in said court on the 16th day of October, 1906, is as follows:

"Comes now the above named plaintiff and for his cause of action against the above named defendant alleges and says:

"That he has been a resident and citizen of Kay county, Oklahoma Territory, for more than one year last past.

"That on or about the —— day of —— A. D., said plaintiff and defendant were legally married and have ever since been husband and wife and cohabited until January 15, 1906, when the defendant left this plaintiff.

"And plaintiff on his information and belief alleges and says that the defendant did commit adultery during the months of March, 1906, with one Elliott Kemble on the Ponca Indian Reservation in said county and territory; plaintiff further alleges on his information and belief that defendant on divers days and times between the above mentioned last date and the commencement of this action has committed adultery with the said Elliott Kemble and is now living and cohabiting with the said Elliott Kemble at his home on the Ponca Indian Reservation in said county and territory.

"Plaintiff further alleges and states that

each and all of said acts of adultery were committed without the consent, connivance, procurement or previous knowledge of this plaintiff and that he has not lived or cohabited with defendant since he became cognizant of the commission by the defendant of the several acts of adultery complained of.

"Plaintiff further states that there is no issue of said marriage and that he has always conducted himself as a faithful and loving husband towards this defendant and that he is without fault in the premises.

"Wherefore plaintiff prays that he may be divorced from the said defendant for the reasons above mentioned and for such other and proper relief as may seem just and proper."

Said petition is properly verified and was filed in said court on the 16th day of October, 1906; summons was issued on the same date indorsed, "Suit Brought for Divorce," and which contained acceptance of service of summons, as follows:

"I hereby accept service of the within summons and enter my voluntary appearance in the within entitled cause.

"Witness my hand this 22nd day of October, 1906.

"Louisa Calls Him (her X mark)
"Witness to Mark:
  "Geo. Primeaux,
"A. W. Comstock, and
  "John Hardman."

On the 3rd day of December, 1907, said divorce proceeding was referred by the court to W. K. Moore, referee, to hear the evidence and report his finding of facts and make his conclusions of law. The said referee made his report on the 16th day of January, 1908, reporting that plaintiff appeared before him by his attorney, A. W. Comstock, and that the defendant did not appear, although duly served with personal service of summons, "that the defendant, the wife of the plaintiff, is addicted to the use of intoxicating liquors and has become such since the marriage of the plaintiff and the defendant and that she is an habitual drunkard," and found as a conclusion of law as follows:

"Your referee finds that as a conclusion of law, that the plaintiff is entitled to the absolute divorce from the defendant on the grounds of habitual drunkenness."

Which report, on the motion of attorney for Calls Him, was confirmed by the court on the 4th day of May, 1908, in the following language:

"Wherefore, it is considered, ordered and decreed that said report be confirmed in all things and plaintiff hereby granted an absolute decree of divorce from the defendant, plaintiff to pay costs of this suit."

The record shows the testimony of witnesses, taken before the referee, and all the testimony goes to the question on the fact that Louisa Calls Him was addicted to imbibing strong drinks and not a single, solitary word is said about the only ground set up in the petition for divorce, of her having committed "adultery during the month of March, 1906, with one Elliott Kemble."

In the original action for divorce, Louisa Calls Him made special appearance, on the 14th day of September, 1921, and filed her motion to vacate the judgment above set forth, which was as follows, to-wit:

"Comes now the above named defendant and appearing for the purpose of this motion only and moves the court to set aside, vacate and hold for naught the pretended judgment heretofore, to wit: May 4, 1908, entered in the above entitled cause, which said pretended judgment attempts to dissolve the marriage relation existing between the above named parties, for the reason that the said judgment is void in this, to wit:

"1. The court did not have jurisdiction of the defendant for the reason that the record in said case discloses that no personal or other service was ever had upon defendant; that the defendant had no knowledge, either actual or constructive, of the pendency of said action. That the purported signature of the defendant to the pretended acceptance of service filed in this cause under date of October 23, 1906, is a forgery; that defendant did not sign said entry of appearance, did not authorize any one to sign the same on her behalf, and had no knowledge of the existence of the same until on or about the 4th day of March, 1921.

"2. That said judgment is void for the further reason that the court had no jurisdiction to render the same for the reason that the same is not supported by the issue in that the petition in said cause charges adultery as the one and only cause for divorce, whereas, the decree is granted on the grounds of drunkenness.

"Wherefore, defendant moves the court to set aside, vacate and hold for naught said decree herein rendered on the grounds that the same is void for the reasons herein set forth"

—and, on the same day and date, filed her affidavit, which is as follows:

"Comes now Louisa Calls Him and upon her oath states as follows: I am the Louisa Calls Him named as defendant in the above entitled action. I had no knowledge of the pendency of said divorce action. I was never

served with summons in said cause, and I further state that I did not sign nor authorize any one to sign in my behalf the entry of appearance filed in the above entitled cause under date of October 23, 1906. That said signature is a forgery. And that I had no knowledge of the existence of said entry of appearance nor of said pretended signature until on or about the 4th day of March, 1921."

Said affidavit is properly signed and sworn to before the court clerk of Kay county. She sent notices through her attorney by registered mail to Flora LeClair, plaintiff in error, and George Calls Him and George A. Hoyo that she would present her motion to vacate judgment together with testimony in support thereof to the court on the 5th day of December, 1921, at the district court room in Newkirk, Okla., or as soon thereafter as the same could be heard by the court; that, on the 7th day of December, 1921, a regular day of the December, 1921, term of said court, the application to set aside the decree of divorce, heretofore granted in the cause, came on for hearing and Louisa Calls Him appeared in person and by her attorney, and the plaintiff in error, Flora LeClair, and the other parties, who were notified, made no appearance, and testimony was taken and the Indian Agent, George A. Hoyo, testified that his records showed that Flora B. LeClair and George Calls Him were the heirs of Calls Him, the plaintiff in the divorce action.

The clerk of the district court, Fred C. Groshon, testified that he sent a copy of the motion by registered mail to the three parties, to whom notices were sent by registered mail, and that he got returns showing receipt of said motion by said parties.

Louisa Calls Him testified that she did not sign by mark the acceptance of service of summons, and that she knew nothing about any divorce proceeding; that no summons was ever served upon her and she knew nothing about the pendency of the action.

George Primeaux, one of the witnesses, who appeared as witness to the signature on the summons, testified that Louisa Calls Him never signed the paper in his presence and that the signature was in Mr. Comstock's handwriting, who was attorney for Calls Him; that he did not see Comstock sign it.

John Hardman, another witness to the mark, testified that Louisa Calls Him was not present, and he did not see her sign it, and that he only signed it by request of Comstock.

It is further shown that Calls Him, plaintiff in the divorce proceeding, died about nine months after the granting of the divorce, and on the 7th day of December, 1921, the court rendered judgment vacating and setting aside the judgment rendered in the divorce proceeding of May 4, 1908, holding that said decree was wholly void and of no effect, that no service was ever had upon the defendant, Louisa Calls Him; that she had no knowledge of the pendency of said action and that the purported acceptance of service and voluntary appearance, filed on the 23rd day of October, 1906, and purported to have been signed by the defendant on the 22nd day of October, 1906, was a forgery; that the defendant did not sign the same nor authorize it to be done and had no knowedge of the existence thereof and vacated the decree of divorce, granted on said 4th day of May, 1908.

Thereafter, on the 12th day of January, 1922, Flora LeClair, nee Calls Him, plaintiff in error, filed motion to vacate and set aside the judgment above set forth, for the following reasons, to wit:

"First. For the reason that there was an irregularity in obtaining the judgment of vacation.

"Second. For the reason that said judgment purports to adjudicate certain property rights affecting Flora LeClair (nee Calls Him) without proper legal service upon her and without her appearance in court.

"Third. For the reason that said proceedings on the motion to vacate the former judgment of May 4, 1908, was not in accordance with law and was not authorized by the statutes of Oklahoma.

"Fourth. For the reason that said motion to vacate the former judgment of May 4, 1908, was not filed within the time prescribed by law and such proceeding was barred by the statute of limitation governing such procedure.

"Fifth. For the reason that the judgment rendered on May 4, 1908, was valid on its face and defendant, Louisa Calls Him, cannot resort to extrinsic evidence to show the invalidity thereof for want of service of process.

"Sixth. For the reason that the judgment rendered on May 4, 1908, was a good and valid judgment based upon a proper waiver of the issuance and service of summons in said cause and that said waiver of the issuance and service of summons was valid in all particulars.

"Seventh. For the reason that Louisa Calls Him had at all times, full and complete knowledge of the judgment rendered in

the above entitled cause on May 4, 1908, and at all times knew of the marriage of Calls Him and Flora LeClair and acquiesced without protest in the marriage relation between Calls Him and Flora Calls Him, and that Louisa Calls Him, after the decree of divorce of May 4, 1908, rendered in the above entitled case went to live with another man, Alex Kimbell, as husband and wife, and that thereafter and up to the present time she has lived openly as the wife of Louis Delodge, and that said marriage relation has at all times been recognized by the Ponca Tribe of Indians as that of husband and wife.

"Eighth. For the reason that Department of the Interior of the United States of America has heretofore determined the heirs of Calls Him and has made a final and binding judgment to the effect that Flora LeClair (nee Calls Him), was at the time of the death of Calls Him, the lawful wife of Calls Him and said judgment of the Department of the Interior is a bar to the judgment of this court heretofore rendered on December 7, 1921, on defendant's motion to vacate.

"Ninth. For the reason that the motion to vacate and the judgment rendered thereon on December 7, 1921, was procured by the defendant, Louisa Calls Him, for the sole and only purpose of using it in connection with her petition for re-hearing to determine the heirs of Calls Him, which she has filed with the Department of the Interior."

On the 11th day of March, 1922, thereafter, said motion was by the court overruled, on the grounds that the judgment rendered in the divorce proceeding was void upon its face, to which order of the court plaintiff in error excepted.

The court rendered its opinion, as shown by the journal entry, which in part is as follows, to wit:

"The court thereupon, being fully advised of the law in the premises, and upon a full examination of the judgment roll of the proceedings had in the above entitled cause between the original parties hereto, finds that said judgment of May 4, 1908, herein is void on its face.

"It is, therefore, the judgment of the court, after full examination of judgment roll in said cause, that the said decree of divorce herein entered on the 4th day of May, 1908, is void on its face, and should be, and therefore is, set aside, vacated and held for naught, and the motion of the said Flora LeClair to vacate the said judgment of December 7th, 1921, vacating, setting aside and holding for naught said judgment of May 4th, 1908, be and the same is hereby overruled and denied."

To which action of the court the plaintiff reserved all exceptions, gave notice of appeal, and the case comes to this court regularly on appeal by Flora LeClair.

Counsel for plaintiff in error rests his entire case upon one assignment of error, which is:

"That the court erred in holding that the judgment rendered on May 4, 1908, was void on its face"

—and argues that if the judgment of May 4, 1908, was not void, but merely irregular or only voidable, the trial court was in error for the reason that the motion to set aside judgment was filed nine years too late.

The attorneys for defendant in error contend that the judgment for divorce was void for four reasons, which are as follows:

"First. Because entry of appearance was forged.

"Second. Because signature to entry of appearance, even though it had not been forged, is insufficient under the laws of the state of Oklahoma.

"Third. Reference to referee was without authority of law and all judgments and acts thereunder were without jurisdiction and void.

"Fourth. The judgment was rendered outside of and beyond the issues."

At the outset of this opinion it must be remembered that the action for divorce, under our statutes, makes certain very strict requirements, and that a divorce cannot be granted in this state except on the grounds set forth in the statute. A party bringing an action for divorce has the opportunity to determine the ground, upon which to base his cause of action, and he must allege that ground and prove it, and that proof must be corroborated by other witnesses, and it must be further borne in mind that the petition of plaintiff must be sworn to. Section 503, Comp. Stat. 1921, requires: "The petition must be verified as true by the affidavit of the plaintiff."

It must be further borne in mind that the action for divorce involves the dissolution of the most sacred bond that can be entered into by two parties; that marriage is a status, in which the public has an interest, and can only be dissolved for the causes and in the manner prescribed by the statute law of this state.

While it is a matter of some doubt whether the proceding, under the motion of Louisa Calls Him to take testimony after notice as to the acceptance of service of summons, yet such testimony was taken and it is a matter of record in this court and it was

clearly proven in said testimony that the signateure of Louisa Calls Him to the acceptance of service was forged, and a fraud perpetrated upon the court and upon her as defendant.

It further appears that the signature was by mark and the strict requirements of the statutes of this state were not complied with, even if it had not been forged.

We know of no provision of our statute that would entitle the court to refer this case, being a case purely for divorce only, to referee, except by and with the consent of the parties, and this case does not come within the provisions of section 557, Comp. Stat. 1921, which is as follows:

"All or any of the issues, in the action, whether of fact or of law, or both, may be referred, upon the written consent of the parties, or upon their oral consent in court, entered upon the journal."

Be that as it may, the fourth contention of attorneys for defendant in error that the judgment was rendered outside of and beyond the issue, in our opinion, is decisive of this case. On examination of the petition and the testmony and judgment we find that there is but one ground alleged and that is that the defendant was guilty of adultery with one Elliott Kemble, and that is the ground sworn to in the affidavit of plaintiff, required by the statute to be made to the petition, and there was absolutely no effort to introduce any proof in support of this allegation, but the only thing the proof tended to show was that she was guilty of being intoxicated, and the referee made no finding that the defendant had been guilty of "adultery," but did find that she was guilty of "habitual drunkenness," as shown by his report of finding of facts and conclusions of the law, and the court did not enter any decree, as provided by statute, but simply adopted and confirmed the report of the referee and all that was said about the divorce in the decree is:

" * * * And plaintiff is hereby granted an absolute decree of divorce from the plaintiff. Plaintiff to pay the costs of the suit."

And there is nothing in the decree as to the other statutory requirements for a decree of divorce in this jurisdiction. The court does not even find that there were any of the grounds, upon which divorce can be granted, existing in this case in his decree, nor is it signed by the court, and, if the decree should have been good in other respects, the fact that the divorce was granted upon a ground not alleged in the petition was clearly outside of and beyond the issues in this case.

This being the condition of the judgment roll, which on authority of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, consists of:

"The petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court"

—and, if upon such inspection, the judgment roll on its face shows the judgment to be void, then the statute law of this state, section 817, Comp. Stat. 1921, applies, which is as follows:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

This court, in construing the above statute in the case of Arnold v. Joines, 50 Okla. 14, 150 Pac. 133, in thme body of the opinion says:

"A void judgment is, in legal effect, no judgment at all. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are necessarily equally worthless, and have no effect whatever upon the parties or matters in question. A void judgment neither binds nor bars any one. All acts performed under it, and all claims flowing out of it, are absolutely void. The parties attempting to enforce it are trespassers."

And, upon the proposition that the allegations of the petition were not attempted to be proven and no judgment rendered upon the ground for divorce, assigned in the petition, the case of International Harvester Co. of America v. Cameron, 25 Okla. 256, 105 Pac. 189, is in point where it says:

"Facts not alleged, though proved, cannot form the basis of a judgment by default.

"The only allegations of the petition fixed by the default are those traversable and issues cannot be joined on mere conclusions of law."

Again, in the case of Choi v. Turk et al., 55 Okla. 499, 154 Pac. 1000, this court held:

"A judgment not justified by the allegations of the petition and not supported by the evidence is void.

"A void judgment should be vacated and set aside at any time upon motion of the defendant."

This court again, in the case of Rogers, Co. Treas., v. Bass & Harbour Co., 47 Okla. 786, 150 Pac. 706, held:

"A judgment, which is entirely outside of any issue made by the pleadings or the evidence in the case, is a nullity."

Then, from the statute law of this state

and upon authority of the decisions set forth above in this opinion, we are forced to conclude that the judgment roll in this case discloses the fact that the district court of Kay county, Okla., was wholly without jurisdiction to render the decree of May 4, 1908, which it did, even if we concede that the court had jurisdiction of the parties and through the referee had jurisdiction of the general subject-matter of divorce, yet in the light of the above authorities, we are compelled to hold that the court did not have jurisdiction of the particular issue, which it pretended to decide, and this being a default matter and the record affirmatively disclosing that the defendant was not present, no amendment could have been made in the manner prescribed by section 315, Comp. Stat. 1921, which requires that "notice of amendment shall be served upon the defendant or his attorney."

The ingenious argument of counsel for plaintiff in error that this being a proceeding for divorce and that a decree of divorce was pronounced by the court, in the manner, shown by the record in this case, has no persuasive effect upon this court, for the reason heretofore stated.

The argument of counsel for plaintiff in error that the motion came too late can have no force in the light of the decision of this court in the case of Pettis v. Johnston, supra, which says:

"A judgment which is void upon its face and requires only an inspection of the judgment roll to demonstrate its want of validity is a 'dead limb upon the judicial tree which may be lopped off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby,' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

This court, in the case of Annie E. Rodgers v. Almeda Nichols et al., 15 Okla. 579, 83 Pac. 923, in a case to set aside a decree of divorce granted on the 1st day of April, 1895, on the grounds of insufficient publication notice and on a petition filed more than three years thereafter, held:

"A decree of divorce will be annulled upon the ground of fraud and imposition practiced upon the court or the adverse party.

"Where a decree of divorce is void, for want of jurisdiciton, it will be set aside after the death of the party who procured the decree by fraud and imposition."

And, in the body of the opinion, the court said:

"The doctrine that, subsequent to the death of the party, who obtained a decree of divorce by fraud, an action will lie to annul the same, is sustained by all the authorities."

And to like effect is the case decided by this court of Clay v. Robertson et al., 30 Okla. 758, 120 Pac. 1102.

We are, therefore, of the opinion that the motion filed in this case was the proper remedy; that the state of the record justifies the finding of the lower court; that the judgment entered in the original decree of divorce was void and that under the statute law of this state and the decisions of this court that the judgment of the lower court is fully sustained and that it should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 83, sec. 226. (2) 34 C. J. p. 217, p. 255 (sec. 486), p. 268 (sec. 492), p. 509. (3) 34 C. J. p. 509. (4) 34 C. J. p. 175 (sec. 387), p. 191. (5) 33 C. J. p. 1146. (6) 19 C. J. p. 166, p. 169 (sec. 421).