Note.—See under (1) 28 Cyc. pp. 964, 978; 25 R. C. L. pp. 154-165. (2) 28 Cyc. p. 963.

---

### MARYLAND CASUALTY CO. v. APPLE, Adm'r.

No. 18325. Opinion Filed May 1, 1928.

(Syllabus)

1. **Judgment—Invalidity of Default Judgment Where Petition Failed to State Cause of Action Against Party in Default.**

A judgment taken by default upon a petition which wholly fails to state a cause of action against the defendant against whom the default judgment is taken, when the only finding of fact is that the allegations of the petition are true, is a nullity.

2. **Same—Judgment Void on Face Subject to Vacation Any Time on Motion.**

A judgment void upon the face of the rec-

ord may be vacated at any time, on motion of a party, or any person affected thereby. Such motion is unhampered by limitation of time.

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; Asa E. Walden, Judge.

Petition by the Maryland Casualty Company against S. A. Apple, administrator of the estate of Martha C. Bridgman, deceased, to set aside judgment. Demurrer to petition sustained, and petitioner appeals. Reversed.

Ross & Thurman and Brown, Brown & Williams, for plaintiff in error.

Sigler & Jackson, for defendant in error.

DIFFENDAFFER, C. The sole question involved in this case is whether or not the petition of plaintiff in error to set aside the judgment obtained by defendant in error against plaintiff in error in the district court of Carter county stated facts sufficient to obtain the relief sought.

On December 13, 1926, defendant in error obtained the judgment against plaintiff in error sought to be set aside. On January 26, 1927, plaintiff in error filed its verified petition to vacate and set aside the judgment theretofore obtained. The grounds relied upon were:

"That said judgment was granted through mistake, and is void for the following reasons: That the attorneys for the defendants J. M. Shinholser and Maryland Casualty Company were handed a copy of summons in this case, and wrote the court clerk of Carter county, Okla., and obtained a copy of the petition in said cause, which said petition did not name the defendant, and did not state any cause of action against the said Maryland Casualty Company, nor ask for any judgment against the Maryland Casualty Company, and for this reason the clause in the body of the petition wherein the plaintiff attempted to state a cause of action against the defendant Maryland Casualty Company was overlooked, and thinking the suit was filed only against the defendant J. M. Shinholser, demurrer in his behalf was filed in due time. That this was clearly an inadvertence caused by the condition and the terms of the petition filed herein.

"That said petition does not state a cause of action against this defendant Maryland Casualty Company, and said judgment is therefore void.

"Defendant further states that it has a valid defense to the petition herein, as more fully appears in its answer, copy of which is hereto attached marked Exhibit 'A' and made a part hereof.

"That said judgment is void for the further reason that plaintiff attempted to take judgment against the surety on the bond without having first established the liability of the principal."

The petition also alleged that plaintiff in error had a valid defense to the petition upon which the judgment was obtained, and attached a copy of its proposed answer.

The petition also contained, as a part thereof, a copy of the judgment sought to be vacated and set aside, which in view of the record in this cause, we set out in full herein as follows:

"Now on this, the 13th day of December, 1926, there came on to be heard the above-entitled cause, and the plaintiff appeared by his attorneys, and the defendant Maryland Casualty Company failing to appear, made default, and it having been shown to the court that said defendant had been duly served with summons and has failed to appear in this action, and that the time for the said defendant to appear has expired, and that said defendant is in default. And the plaintiff appearing and demanding trial and the plaintiff having waived the jury and submitted all questions of fact to the court, the court having heard said matters and being fully advised in the premises and having heard and considered the testimony introduced by the defendant, finds that the allegations of the plaintiff's petition are true, and that the plaintiff is entitled to recover the sum of $730 from said defendant, the court rendering judgment for said sum.

"Wherefore, it is ordered, adjudged and decreed by the court that the plaintiff, S. A. Apple, administrator of the estate of Martha C. Bridgman, deceased, do have and recover of and from the Maryland Casualty Company, the sum of $730, together with all costs in this action, for all of which let execution issue.

"Asa E. Walden, Judge."

To this petition to vacate, defendant entered an appearance and waived service of summons, and on January 27, 1927, filed his demurrer thereto upon the grounds that said petition to vacate did not state a cause of action.

On February 11, 1927, the court, at the suggestion of plaintiff in the original action, dismissed same as' to Shinholser, and on the same date sustained the demurrer to the petition to vacate. From which order plaintiff in error appeals.

The assignments of error are: (1) The court erred in sustaining the demurrer. (2) Error in refusing to set aside the former judgment. (3) Error in refusing to hear evidence in support of the petition of plaintiff in error. (4) Abuse of discretion

in not permitting the cause to be heard on its merits.

The first proposition presented is that the judgment sought to be vacated was void for the reason that the petition upon which it was based wholly failed to state a cause of action.

The petition upon which the judgment was obtained is as follows:

"S. A. Apple, Administrator of the Estate of Martha C. Bridgman, Deceased, Plaintiff v. J. M. Shinholser, Administrator of the Estate of T. C. Bridgman, Deceased, Defendant. No. 14702.

"Petition.

"The plaintiff, S. A. Apple, complaining of the defendant, J. M. Shinholser, administrator of the estate of T. C. Bridgman, deceased, and the Maryland Casualty Company, says:

"First. That the plaintiff is the duly appointed, acting and qualified administrator of the estate of Martha C. Bridgman.

"Second. The plaintiff says that Martha C. Bridgman died in Carter county, Okla., on or about the 21st day of December, 1922, and on the 26th day of May, 1925, T. C. Bridgman was duly appointed the administrator of the estate of Martha C. Bridgman, by the county court of Carter county, Okla., and duly executed his bond under the state of Oklahoma as by law required in the sum of $5,000; **That said Maryland Casualty Company as the sureties on said bond.** A copy of said bond is hereto attached and made a part hereof, and marked Exhibit 'A', and all the terms and conditions of said bond are made a part of this petition as though fully set out herein. The plaintiff says that thereafter T. C. Bridgman departed this life, and that the plaintiff was duly appointed as the administrator of the estate of Martha C. Bridgman, and that after the death of T. C. Bridgman, J. M. Shinholser was duly appointed as the administrator of the estate of T. C. Bridgman, deceased.

"Third. The plaintiff says that while T. C. Bridgman was thus duly appointed, acting and qualified administrator of the estate of Martha C. Bridgman, that there came into the hands of said administrator the following property:

One diamond bar ' pin (1 ¼) c.
perfect _____ $500.00
Two upholstered rockers _____ 90.00
One china closet _____ 50.00
One kitchen cabinet _____ 40.00
Cash rents collected _____-___ 50.00

"That said property was received by the said Bridgman in the capacity as administrator, and that no report was made by said Bridgman and no inventory was ever filed, and this plaintiff says that he is unable

to locate said property and to get possession thereof, and that he is informed and believes and alleges the fact to be that said T. C. Bridgman disposed of said property and converted the same to his own use and benefit. That no settlement of the said Bridgman account was ever made prior to the death, and it is impossible to have said settlement made.

"Wherefore, the plaintiff prays that the defendants, and each of them be cited to answer this petition, and upon a hearing hereof the **plaintiff have a judgment against the said T. G. Bridgman** for the sum of $730, and such other and further relief, as he may in the judgment of the court be entitled."

Exhibit "A" attached to the petition was not the bond of J. C. Bridgman, as administrator of the estate of Martha C. Bridgman, but was a copy of the bond of the plaintiff, S. A. Apple, administrator of the estate of Mattie C. Bridgman. It was not signed by Maryland Casualty Company, as surety, but by Byron W. Apple and F. O. Schneider, as sureties.

It is not seriously contended that the petition stated a cause of action against the Maryland Casualty Company, good as against a general demurrer, but it is contended that it comes within the rule announced in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, and the cases therein cited, and Ashinger v. White, 106 Okla. 19, 232 Pac. 850, where it is held:

"Where the trial court has jurisdiction of the parties and of the subject-matter, and the allegations in the pleadings are sufficient to challenge a judicial inquiry, the judgment rendered by the court is not void on account of an amendable defect or insufficiency in the pleadings, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by the plaintiff after the term."

We think the petition wholly fails to state a cause of action against the Maryland Casualty Company. It does not name the company as a defendant in the caption, does not have a copy of any bond signed by the company attached thereto; it fails to allege that the property therein described was property belonging to the estate of Martha C. Bridgman; it does not allege that the property was subject to administration; and from the kind of personal property described, the inference would be that it was not. It does not contain a prayer for judgment against the Maryland Casualty Company.

The judgment being one taken by default, we are of the opinion that it is one coming within the rule in LeClair v. Calls H'm

106 Okla. 247, 233 Pac. 1087, where it was held:

"Facts not alleged, though proved, cannot form the basis of a judgment by default. The only allegations fixed by the default are those traversable, and issues cannot be joined on mere conclusions of law."

The judgment here, as in that case, was by default, and the only findings by the court as to the facts were that the allegations of the petition were true. This might be so, and yet plaintiff not be entitled to recover. We think the judgment based on the petition as it stood, and the finding of facts contained in the judgment, was wholly void, and subject to be set aside at any time on motion.

The judgment should be reversed, and the cause remanded.

TEEHEE, LEACH, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 154. §363; anno. L. R. A. 1916E, 316; 15 R. C. L. p. 864; 3 R. C. L. Supp. p. 501; 5 R. C. L. Supp. p. 856; 6 R. C. L. Supp. p. 935. (2) 34 C. J. p. 430, §677.