## SOCHOR et al. v. O. K. CO-OPERATIVE MILK ASS'N.

No. 23985.   March 10, 1936.

Rehearing Denied May 26, 1936.

Fred Ptak and Chas. H. Garnett, for plaintiffs in error.

Twyford & Smith and William J. Crowe, for defendant in error.

GIBSON, J. This is an action on account commenced in the district court of Oklahoma County by O. K. Co-Operative Milk Association against West Side Dairy Products Company as debtor, and Charles Sochor as guarantor. Judgment on a jury verdict was against the defendants, and they have appealed. The parties will be referred to herein as plaintiff and defendants, as they appeared at the trial, or by name.

The petition alleges that the plaintiff commenced delivering dairy products to defendant West Side Dairy Products Company on or about July 10, 1931, and continued deliveries daily until August 1, 1931, when defendant Sochor signed a contract with plaintiff wherein he guaranteed payment of the account then continuing not to exceed $2,000. Deliveries were continued until the unpaid balance of the account was $2,349.54. Thereupon, this action was commenced, wherein judgment was sought against the

West Side Dairy Products Company for the balance of $2,349.54 due on the account, and against Sochor on his contract of guaranty not to exceed $2,000.

The appeal is here on transcript and bill of exceptions. In such case this court will consider only those errors appearing upon the judgment roll and those properly incorporated in the bill of exceptions. Oliver v. Kelly, 129 Okla. 121, 263 P. 649; Meeks v. Oklahoma Nat. Bank, 129 Okla. 280, 264 P. 609.

In the instant case the motion for new trial and the court's ruling thereon are not incorporated in the bill of exceptions. These matters constitute no part of the record proper, or judgment roll. In such event, not being contained in the bill of exceptions, they became no part of the record here and therefore cannot be reviewed by this court. Van Zant v. Reed, 109 Okla. 86, 234 P. 623. The rule as there stated is as follows:

"A motion for new trial and the action of the court in overruling the same being no part of the record proper, the assignment that the court erred in overruling the motion cannot be presented to this court by transcript of the record."

Errors occurring at the trial, in order to be reviewed by this court, must be excepted to and assigned in the motion for new trial, and the motion with the court's ruling thereon brought here by case-made and petition in error or by transcript, petition in error, and bill of exceptions. Bradburn v. Barr, 123 Okla. 15, 250 P. 430. There it was held as follows:

"Errors, alleged to have occurred at the trial, unless excepted to and assigned in a motion for a new trial and made a part of the record on appeal, by means of case-made or bill of exceptions, will not be considered on appeal."

In view of the record as here presented, the bill of exceptions serves no useful purpose. Having failed to include in the record those matters necessary to a review of the errors occurring at the trial, this appeal is here on transcript only, and only such errors as appear upon the record proper, or the judgment roll, will be reviewed.

The assignments of error are as follows:

(1) The petition is insufficient in law to support the verdict and judgment against either defendant.

(2) The petition alleges a liability of Sochor as a guarantor, but shows on its face that there was no consideration for the contract of guaranty.

(3) The petition shows that at the time the action was brought, the plaintiff's purported cause of action against Sochor had not accrued, and that the action was prematurely brought.

(4) The petition shows that the indebtedness of Sochor to the plaintiff, if any there was, was much less than the amount of the verdict and judgment against him, and also that the indebtedness of the company was less than the amount of the verdict and judgment against it.

(5) The court erred in permitting the jury to return a separate verdict against each defendant.

(6) The court erred in rendering a single joint judgment against both defendants upon a separate verdict against each.

(7) The court erred in not rendering judgment for the defendants, notwithstanding the verdict of the jury.

(8) The judgment is contrary to law.

(9) The court erred in overruling the motion of Sochor for a new trial.

The first, second, and third assignments go to the sufficiency of the petition. The record discloses no attack made on the sufficiency of the petition at the trial; and it is apparent that the trial court had jurisdiction of the parties and the subject-matter of the action. In such case the sufficiency of the petition may not be attacked for the first time on appeal. Waldock v. State, 146 Okla. 257, 293 P. 1023. We there held as follows:

"This court will not permit an attack to be made in this court on the sufficiency of the allegations of a petition, where no such attack was made in the trial court and where the petition shows that the trial court had jurisdiction of the subject-matter of the action."

Sochor's contract of guaranty recites the following consideration: "Now, therefore, it is agreed that the first party (Sochor), in consideration of the continued deliveries by the Association to the West Side Dairy Products Company, does hereby guarantee the account of the West Side Dairy Products Company. * * *" If it be conceded that the contract shows no consideration moving to Sochor, the petition was amendable to show actual consideration. In such case the judgment is not void on jurisdictional grounds where the court had jurisdiction of the parties and the subject-matter of the action and there was an actual trial of the cause. Ashinger v. White, 106 Okla. 19, 232 P. 850. Issue was joined at the trial on the question of consideration, and the evidence on that issue is not here for review. The cases relied upon by defendants as author-

ity that an insufficient petition will not sup-port a judgment are: Farris v. Henderson, 1 Okla. 384, 33 P. 380; Lewis v. Clements, 21 Okla. 167, 95 P. 769; Clark v. Holmes, 31 Okla. 164, 120 P. 642; Western Union v. Beach, 88 Okla. 73, 211 P. 1034; LeClair v. Calls Him, 106 Okla. 247, 233 P. 1087; Maryland Cas. Co. v. Apple, 130 Okla. 270, 267 P. 239. These cases involved default judgments or were here from the trial court's ruling on general demurrer.

Defendants say the cause of action had not accrued and that the suit was therefore premature. That issue was raised by the pleadings. The foregoing statements as to want of consideration apply here. The matter was tried and the evidence is not here for review.

As a further argument that the petition was insufficient to support the judgment, the defendants say that the plaintiff's corporate existence is not shown. Plaintiff need not allege corporate existence, and the petition is sufficient unless lack of legal capacity to sue affirmatively appear on the face thereof. Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 P. 1127. This issue was before the trial court, and is not here for review. The record does not disclose a lack of jurisdiction of the parties and the subject-matter of the action.

The alleged error as to excessive recovery cannot be considered here for the reason that the error, if any, is an error occurring at the trial. It was not assigned in the motion for new trial and saved in the record here by the inclusion of such motion and the court's ruling thereon in the bill of exceptions. In Baker v. Citizens State Bank, 74 Okla. 182, 177 P. 568, the court held as follows:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, cannot be considered on appeal unless such error is assigned in the motion for a new trial as a reason therefor."

The alleged error of permitting separate verdicts against the defendants and the rendition of a single judgment thereon was incorporated in the bill of exceptions. Conceding that timely and proper objection was made to the form of the verdict, and such objection and the court's ruling thereon sufficiently shown in the bill of exceptions, without, however, the motion for new trial and the ruling thereon being incorporated in the bill of exceptions, this court may not ordinarily review the alleged error. Such error was one occurring at the trial. Motions directed towards the verdict are not a part of the record proper. This applies in like manner to motions for judgment notwithstanding the verdict. See Brigham v. Davis, 126 Okla. 90, 258 P. 740. In the instant case, however, the verdicts as rendered were incorporated in the judgment and were a part thereof, as was also the court's ruling on the objection to the form of the verdict. In such case this court may review the matter as one appearing upon the judgment roll.

Here a verdict was returned against defendant Sochor for $2,000, the amount of his alleged liability, and a verdict was returned against defendant West Side Dairy fendant Sochor for $2,000, the amount of the alleged balance due on the account. The court rendered joint judgment against the defendants for $2,000 and a judgment for $334.14, being the amount of the account in excess of $2,000, against the West Side Dairy Products Company. If these liabilities existed, and the jury found they did exist, the judgment was correct in law and properly reflected the finding of the jury. See Myers v. Hubbard, 80 Okla. 97, 194 P. 433.

The transcript reveals no error, and the judgment is therefore affirmed.

OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur.