497 P.2d 60

Joseph E. TARNOFF, Appellant,

v.

Jack C. JONES, Appellee.

No. 1 CA–CIV 1861.

Court of Appeals of Arizona,
Division 1, Department B.

May 11, 1972.

Evans & Kunz, by Donald R. Kunz, Phoenix, for appellant.

Shimmel, Hill & Bishop, P. C. by John C. King, Phoenix, for appellee.

JACOBSON, Judge.

This appeal raises the question of the validity of a default judgment.

Jack C. Jones, plaintiff-appellee, entered into a franchise and lease agreement with Method Master, Inc., an Illinois corporation, Sy B. Gaiber and Joseph Tarnoff, both residents of Illinois. According to the terms of the contract, Method Master, Gaiber, and Tarnoff, agreed to deliver to Jones on or before May 1, 1967, a fully operative eight-bay automotive diagnostic clinic, to provide advertising and sales personnel during the initial stages of the operation, and to spend all sums necessary to train all personnel. In return, plaintiff paid to the defendants (Method Master, Gaiber, and Tarnoff) the sum of $26,300 and executed a promissory note and security agreement in the amount of $43,831.50.

When the defendants failed to comply with the terms of the contract, Jones demanded restitution of all sums paid plus cancellation of the franchise and lease agreement, promissory note, and security agreement. Upon the failure of the defendants to comply with the demand, Jones filed suit in superior court in Phoenix, Arizona, alleging causes of action for breach of contract, for fraudulent misrepresentation, and for obtaining money by false pretenses.

The defendant Tarnoff was served by registered mail pursuant to Rule 4(e) (2) (a), Rules of Civil Procedure, 16 A.R.S. When Tarnoff failed to answer the complaint within the prescribed time, plaintiff moved for default judgment. At the default hearing Jones personally introduced testimony in support of his complaint. On November 15, 1967, a default judgment was entered by the court against Tarnoff, which, in part, granted the following relief[1]:

"1. Judgment in the amount of $75,131.50 by reason of the aggravated, willful, malicious and intentional breach of fiduciary duty, fraudulent misrepresentations, and obtaining of property by false pretenses and false representations.

. . .

"2. Judgment in the amount of $50,000.00 as exemplary and punitive damages by reason of defendant's aggravated, reckless and maliciously intentional conduct and plaintiff's damages thereby."

In January, 1968, Jones instituted an action in Illinois to register the Arizona judgment. In that proceeding Tarnoff was represented by counsel and attacked the judgment on the ground that the rendering state, Arizona, did not have personal jurisdiction over Tarnoff and consequently the judgment was void. The Illinois court granted plaintiff's motion for summary judgment and ordered the Arizona judgment to be entered and registered in Cook County, Illinois.

1. That part of the judgment relating to Method Master has been omitted because only Tarnoff has appealed from the judgment.

In December, 1968, Tarnoff filed a Rule 60(c) motion (Rule 60(c), Rules of Civil Procedure, 16 A.R.S.) in superior court in Phoenix, Arizona, to vacate the default judgment on the basis that it was void. The motion was denied and a formal written order was entered in July, 1969.

Tarnoff then appealed from this denial of his Rule 60(c) motion to vacate the default judgment. In June, 1971, the Court of Appeals dismissed the appeal,[2] based upon the non-finality of the judgment under the provisions of Rule 54(b), Rules of Civil Procedure, 16 A.R.S. Subsequently the superior court amended the judgment to comply with Rule 54(b). Following the rendition of the amended judgment, a second appeal was filed by Tarnoff.

At the outset, this court is presented with plaintiff-appellee's contention that defendant Tarnoff is barred from attacking the judgment by reason of the Illinois judgment rendering the doctrine of *res judicata* and the full faith and credit clause of the United States Constitution applicable. Initially, the appellee urges that in the Illinois proceeding the question of whether the Arizona court had personal jurisdiction over Tarnoff was raised and adjudicated. Secondly, the appellee contends that although Tarnoff did not raise in the Illinois court action the specific reasons for declaring the judgment void, he could have, and according to the doctrine of *res judicata* the Illinois judgment is conclusive as to all issues which were or might have been litigated.

■ Turning first to the defense of *res judicata,* in order for this doctrine to be applicable to a judgment, thus making it conclusive against a direct or collateral attack, the judgment must (1) be rendered by a court having competent jurisdiction, (2) it must be on the merits and, (3) it

must be final. O'Neil v. Martin, 66 Ariz. 78, 182 P.2d 939 (1947).

■ In the present case, the court which rendered the default judgment had personal jurisdiction over defendant Tarnoff in accordance with Rule 4(e) (2) (a), Rules of Civil Procedure, when he was served with process by registered mail. Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966). The second requirement of the doctrine was satisfied because a default judgment has the same force and effect as a judgment rendered after a trial on the merits. Technical Air Products, Inc. v. Sheridan-Gray, Inc., 103 Ariz. 450, 445 P.2d 426 (1968). However, the third requirement—that the judgment be final—was not satisfied. Since the judgment did not dispose of the claim against defendant Gaiber nor contain the statutory language required by Rule 54(b) [3] this court held in Tarnoff v. Jones, *supra,* that the judgment was not final and hence not appealable. The doctrine of *res judicata* does not apply to an interlocutory judgment. Henry v. Henry, 74 W.Va. 563, 82 S.E. 522 (1914).

Appellees' second theory, which according to the argument would preclude this court from considering the appeal, is predicated on the full faith and credit clause of the United States Constitution.

■■ One purpose of the full faith and credit clause was to elevate the local common law doctrine of *res judicata* and make it a part of the national jurisprudence, operating throughout all of the States. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943), reh. denied, 321 U.S. 801, 64 S.Ct. 483, 88 L.Ed. 1088 (1944). The constitutional mandate requires all states to give to a sister state's judgment

---

2. *See* Tarnoff v. Jones, 15 Ariz.App. 88, 486 P.2d 200 (1971).

3. The pertinent part of Rule 54(b) is as follows:
"[T]he court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ."

**244**

the *res judicata* effect which the judgment would be accorded in the rendering state. Durfee v. Duke, *supra.*

■ Notwithstanding this constitutional mandate, the full faith and credit clause does not require one state to give effect to *all* judgments of a foreign state for circumstances may exist which call for a denial of the application of the constitutional requirement. *See* 47 Am.Jur.2d, Judgments, § 1235 (1969); Gaskins v. Gaskins, 311 Ky. 59, 223 S.W.2d 374 (1949).

■ The action taken by the Illinois court—giving *res judicata* effect to an interlocutory Arizona judgment—is not binding on the courts of this state by the full faith and credit clause. Porter v. Porter, 101 Ariz. 131, 416 P.d 564 (1966). In *Porter* the Arizona Supreme Court said that "a foreign judgment will not be given greater effect than a domestic judgment on the same issue."

■ We do not express an opinion as to what effect the Illinois judgment may have in that state. In Arizona, however, neither the doctrine of *res judicata* nor full faith and credit flowing from recognition of a judgment by a sister state is available to bar the court which originally issued the judgment from subsequently modifying or reversing that judgment in accordance with the established laws and procedure of that original jurisdiction. *See* Rule 60(d), Rules of Civil Procedure. We therefore hold that the full faith and credit clause does not compel this court to treat the Illinois judgment as conclusive and thus preclude us from considering the questions involving the validity of the Arizona judgment raised in this appeal.

Having disposed of appellee's preclusive argument, we need not consider exactly what issues appellant could have raised in the Illinois action dealing with the effect

to be given to the Arizona default judgment.

As to the merits of the case, appellant initially contends that the default judgment is void because it does not comply with the relief requested in the complaint.

We observe that plaintiff's complaint alleges a cause of action for fraudulent misrepresentation in Paragraph III of Count II[4] and a cause of action for obtaining money by false pretenses in Paragraph IV of the same count. The amount of relief prayed for is $158,131.50 in compensatory damages and an unspecified amount in punitive damages. The judgment grants relief in the amount of $75,131.50 based upon three theories of tortious conduct[5] and $50,000 as punitive damages.

Rule 54(d), Rules of Civil Procedure, which limits the relief granted in a default judgment states:

> "A judgment by default shall not be *different in kind from or exceed in amount* that prayed for in the demand for judgment." (Emphasis added.)

■ A comparison of the damages prayed for in the complaint and the damages granted in the judgment raises but a single question: Did the granting of $50,000 in punitive damages exceed the amount prayed for in the complaint? The purpose of the above-quoted portion of Rule 54(d) is the traditional view that it is fundamentally unfair to give greater or different relief in a judgment from that which the defendant was given notice by the complaint. C. Wright, "Law of Federal Courts" 437 (2nd. ed. 1970).

Once the defendant is served with a copy of the complaint, he can respond or do nothing. If he opts for the latter course, the defendant knows that greater relief than that prayed for or relief different in kind will not be entered against him.

---

4. A cause of action for breach of contract is alleged in Count I, Paragraph IV.

5. The third theory upon which the judgment is based is a breach of fiduciary duty

which will be treated later in this opinion.

See National Discount Corp. v. O'Mell, 194 F.2d 452 (6th Cir. 1952).

■ However, a general prayer for punitive damages is sufficient, in our opinion, to put the defendant on notice that the court has been requested to award such relief. See Dairyland Ins. Co. v. Richards, 13 Ariz.App. 324, 476 P.2d 530 (1970), where the court held that a default judgment in the amount of $22,500 did not violate the mandate of Rule 54(d) when the prayer for relief in the complaint requested damages "in a sum which is reasonable and just."

■ The exact amount of punitive damages to be awarded in a contested or uncontested action does not depend upon a specific sum prayed for; rather the amount of such an award is a matter of discretion with the trier of fact. Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966). Therefore we hold that it is not necessary for a prayer for punitive damages to be specific in amount in order for a judgment granting such relief to be in harmony with Rule 54(d).

Appellant next contends that the judgment is void because there are no allegations in the complaint upon which the judgment could be based.

■ As a general proposition, a default judgment is void if it is "outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based." Restatement of Judgments § 8(c) (1942). As stated in Churchill v. Muegge, Okl., 323 P.2d 339 (1958), "a [default] judgment which is entirely outside the issues in the case and upon a matter not submitted to the court for its determination is void"; also see Maryland Casualty Co. v. Apple, 130 Okl. 270, 267 P. 239 (1928).

■ On the other hand it is not necessary that a complaint be technically sufficient to state a cause of action in order to support a default judgment. Edwards Feed Mill v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958). All that is required is that the complaint contain a plain and concise statement of the cause of action and that the defendant is given fair notice of the allegations as a whole. Edwards Feed Mill, supra; Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026 (1956), Rule 8(a) (2), Rules of Civil Procedure.

■ Appellant's attack upon the sufficiency of the complaint is two-pronged. The first point is that the complaint is completely devoid of any allegation upon which to impose personal liability on Tarnoff. In Paragraph II of Count II of the complaint, plaintiff alleges that defendant Tarnoff made certain fraudulent misrepresentations and in Count IV, which incorporates the allegations of Count II, he alleges that Tarnoff obtained money from him by false pretenses.

Clearly, the complaint adequately apprises defendant Tarnoff that the plaintiff is seeking to impose personal liability upon him for the acts set forth therein.

■ The second prong of appellant's attack on the sufficiency of the complaint is that Count II fails to state a claim for relief on the basis of fraudulent misrepresentations. Specifically, appellant urges that the alleged representations concerned *in futuro* acts and to constitute actionable fraud, the representations concerning performance of future acts must have been made with an intention on the part of the promissor at the time of making never to perform. The argument concludes by stating that the complaint contains no allegations that the representations were made without a present intent to perform.

An examination of the complaint reveals that in Paragraph II of Count II, the plaintiff alleges that Tarnoff had represented to him that an option to lease the site, on which the automotive clinic would be located, had been acquired. In Paragraph III of the same count, plaintiff alleges that the statement was false and that Tarnoff had knowledge of its falsity.

Based upon the allegations contained in the complaint, it is clear that plaintiff al-

leged that the representation was of a present, existing, and material fact which Tarnoff knew to be false. In our opinion, the complaint sufficiently states the necessary elements to constitute a cause of action for fraud in this state, Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940), and the judgment can be upheld on this theory alone. [6]

Appellant's last argument, in support of the proposition that the judgment is void, is based on the rule that punitive damages are not recoverable in an action for breach of contract. In essence this contention is an extension of the previous argument that the complaint does not adequately state a cause of action for fraud but only a claim for breach of contract. Our determination of the previous question is dispositive of this contention.

Punitive damages are recoverable in an action sounding in tort if certain circumstances are present. Lutfy v. R. D. Roper & Sons Motor Co., 57 Ariz. 495, 115 P.2d 161 (1941). There is no doubt that the $50,000 awarded as punitive damages here was based on a finding of tortious conduct rather than on a finding of breach of contract.

Finally, appellant argues that the trial court's judgment based on the theory of breach of fiduciary duty is not supportable by the complaint. We agree with appellant that a reading of the complaint in its entirety would not give him fair notice of a claim for breach of a fiduciary duty. See Rule 8(a) (2), Rules of Civil Procedure, 16 A.R.S. Mackey v. Spangler, *supra.*

The theory of breach of fiduciary duty not having been pled, the judgment of the trial court is modified by striking therefrom the words "and intentional breach of fiduciary duty" and as so modified, the judgment is affirmed.

HAIRE, C. J., and EUBANK, J., concur.

6. The judgment can also be upheld on the theory of obtaining money by false pretenses, but since this theory has not been directly argued on appeal, we need not discuss it.