657 P.2d 908

**Edwin K. PARKS, III, a single man, Plaintiff/Appellee,**

v.

**J. Murray RAWSON, Defendant/Appellant.**

**No. 2 CA–CIV 4237.**

Court of Appeals of Arizona, Division 2.

Oct. 20, 1982.

---

Roy G. Spece, Jr., Tucson, for plaintiff/appellee.

Law Offices of Paul G. Rees, Jr., P.C. by H. Michael Wright, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from an order denying the appellant's motion, under Rule 60(c), Arizona Rules of Civil Procedure, 16 A.R.S., for relief from a default judgment obtained by the appellee in June of 1979. The trial court ruled that the motion was untimely and that no excusable neglect was shown. We affirm.

The events underlying this lawsuit began in 1976, when the appellee became a victim of an advance loan fee scheme[1] operated by

---

**1.** In this kind of fraudulent scheme, a person or corporation purporting to be a lender of venture capital extracts "application" and "processing" fees from potential borrowers without any intention to actually make or secure a loan.

a Utah corporation, Macro-Dynamics, Inc. The appellant was an officer, director and incorporator of Macro-Dynamics.

Proceedings began with the appellee's complaint against Macro-Dynamics, alleging, inter alia, statutory consumer fraud and breach of contract. An amended complaint added the appellant and others as individual defendants. A Tucson attorney acting on behalf of all defendants filed a motion pursuant to Rule 12(b), Arizona Rules of Civil Procedure, 16 A.R.S., alleging lack of personal jurisdiction over the appellant and failure to state a claim. The resulting judgment of dismissal was reversed by this court in *Parks v. Macro-Dynamics, Inc.,* 121 Ariz. 517, 591 P.2d 1005 (App.1979). In that opinion we held that the corporation's fraudulent activity in this state, as shown by the complaint and supplemental facts, was contact sufficient to permit Arizona courts to exercise jurisdiction over it and its directors, and that the trial court had erred in denying leave to file a second amended complaint.

Acting in accordance with our mandate, the trial court permitted filing of the second amended complaint on remand. The default judgment, including $30,000 punitive damages, was entered against the appellant, and the appellee began enforcement proceedings in the United States District Court for the District of Utah. In those proceedings the appellant disputed the validity of the Arizona judgment, claiming that the Arizona court had lacked personal jurisdiction over him because he had not been properly served with process in the action. In a four-page order denying the appellant's motion to dismiss, the federal court ruled that the defense of insufficient service of process had been waived by its absence from the original Rule 12(b) motion mentioned above. *See* Rules 12(h) and 12(i)(1), Arizona Rules of Civil Procedure, 16 A.R.S. As to the appellant, the jurisdictional claim in that motion was based entirely upon "insufficient contacts." Suffi-

ciency of service was disputed only as to the corporation.

Failing in this collateral attack upon the judgment, the appellant filed a motion for relief in the trial court. In support of that motion he filed an affidavit alleging that he had never had any dealings with the appellee or directed or controlled any person or entity that did have such dealings; that he had "ceased all involvement" with Macro-Dynamics about two months after its incorporation;[2] and that default had resulted from his mistaken belief that the appellee's claim was being settled. The motion was denied in an unsigned minute entry. Eighteen months later, the appellant renewed the motion in what he designated a "supplementary motion" accompanied by another affidavit by him, amplifying his non-involvement in Macro-Dynamics and its fraudulent activities, and his alleged ignorance of his personal stake in the outcome of the case. The same affidavit alleged that the attorney who had filed the Rule 12(b) motion had acted without the appellant's knowledge or authority, and that the appellant had signed various documents in the case (including an affidavit submitted with the Rule 12 motion and a *pro se* brief defending the dismissal judgment in this court) without knowledge of their significance. The motion was again denied, and a final order entered.

In related arguments the appellant asserts that the default judgment was void, or alternatively, that the trial court abused its discretion by refusing to vacate the judgment, because the appellant was never served with process and because the Tucson attorney who appeared on his behalf and filed the Rule 12 motion did so without his knowledge or authorization. He also contends, despite our earlier holding in this case, that the judgment was entered without *in personam* jurisdiction because "the record shows incontrovertably" that he had no contacts with the state and did not use

---

**2.** This allegation was later "supplemented" by what purported to be a copy of a letter of resignation from the office of Secretary/Treasurer and as a director of Macro Dynamics, addressed "TO WHOM IT MAY CONCERN" and allegedly written on April 15, 1976. Why such a letter would be addressed "to whom it may concern" escapes us.

the corporation to perpetrate fraud in Arizona.

■ Since these arguments were addressed, at least in part, in the federal court proceeding, the appellee contends that their consideration is foreclosed by the doctrine of *res judicata*. In a similar case, however, Division One of this court has stated:

"In Arizona, however, neither the doctrine of *res judicata* nor full faith and credit flowing from recognition of a judgment by a sister state is available to bar the court which originally issued the judgment from subsequently modifying or reversing that judgment in accordance with the established laws and procedure of that original jurisdiction." *Tarnoff v. Jones,* 17 Ariz.App. 240, 244, 497 P.2d 60, 64 (1972).

*See Also Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966); Rule 60(d), Arizona Rules of Civil Procedure, 16 A.R.S. (recognizing that judgments of Arizona courts on foreign judgments will not be conclusive in the jurisdiction of origin). We therefore reject the appellee's *res judicata* argument and turn to a consideration of the individual arguments.

The appellant first argues that the judgment is void because the attorney who filed the Rule 12(b) motion on his behalf appeared without his knowledge or authorization. He contends, therefore, that he is not bound by that attorney's failure to include the defense of insufficient service in the motion to dismiss.

This entire argument assumes the truth of the allegation that the attorney appeared without authorization. Despite the appellee's failure to refute that allegation with direct evidence of an express contract and personal authorization by the appellant, the trial court was not bound to believe this unlikely factual claim. There is no indication that this allegation of unauthorized appearance was ever made before the federal court, nor has the appellant explained why it was not presented to the trial court until he filed his final "supplemental" motion. The attorney in question had sworn by affidavit that he did represent the appel-

lant, and had submitted the appellant's own affidavit in support of the Rule 12(b) motion. Even though the latter affidavit began with the words "COMES NOW J. MURRAY RAWSON, *one of the defendants* in the above entitled matter," (emphasis supplied) the appellant now contends that he was duped into signing without knowledge or appreciation of his status as a defendant. He offers a similar "explanation" for the appearance of his signature on the *pro se* brief submitted in defense of the judgment obtained by his "unauthorized" attorney. The trial court must certainly have wondered, as we do, at the appellant's disturbing tendency to "remember" new and significant facts after every legal setback.

■ The judgment was presumptively valid, and the appellant's burden was to prove facts that would show it to be invalid. *See Sloan v. Florida-Vanderbilt Development Corp.,* 22 Ariz.App. 572, 529 P.2d 726 (1974). We can hardly say that the trial court committed clear error in finding that the appellant had not met that burden with his belated and incredible protestations of ignorance. Having done so, the court was bound to ignore the claim of insufficient service of process for the same reasons relied upon by the federal court.

■ What has just been stated applies with even greater force to the appellant's alternative claim that the court abused its discretion by refusing to vacate the judgment. Even if the court had believed appellant's woeful tale, the evidence would at best have shown gross carelessness rather than excusable neglect.

■ The appellant next contends that evidence of his disassociation from Macro-Dynamics shows that his contacts with the state were insufficient to allow assertion of jurisdiction over him, and therefore the judgment should have been vacated as void. He defends his right to raise this claim, against the appellee's contention that this argument is barred by the law of the case, on grounds that this court's prior decision as to granting the Rule 12 motion was

rendered upon the assumption that all facts alleged by the appellee were true. His own allegations, however, do nothing to take this case outside the law stated in our previous decision, that where a corporation has been used to perpetrate fraud in this state, its directors are subject to the jurisdiction of this state's courts regardless of their personal contacts, or the lack thereof, with this state. The appellant has freely admitted that the corporation was used to perpetrate fraud in Arizona. Certified records of the State of Utah listed the appellant as a director of the corporation at the time of the transaction with the appellee. Besides lacking any foundation, the mysterious letter of resignation is significantly inconsistent with the appellant's own affidavit of March 14, 1977, in which he stated that he had served as a vice-president (not secretary-treasurer) and director until approximately July, 1976.

The appellant's final claim is that the court abused its discretion by refusing to set aside the punitive damages award. Again assuming the truth of his claims that he was ignorant of the corporation's fraudulent activities, the appellant asserts that he "cannot conceive" of any evidence that would have justified the award.

This claim is not a claim of voidness and was required by the terms of Rule 60(c) to be filed within a reasonable time after entry of the judgment. It was not presented to the trial court until the appellant filed his "supplemental" motion, more than two years after judgment. The appellant contends, however, that this claim should relate back to the filing of his original Rule 60(c) motion. He cites no authority for this novel proposition. The doctrine of relation back, used to ameliorate the effects of strict legal time limits, is embodied in Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S. That rule applies only to "pleadings," which are the documents listed in Rule 7(a). It does not apply to motions. *McDonald v. Hall*, 579 F.2d 120 (1st Cir.1978); *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir.1971); Wright and Miller, *Federal Practice and Procedure*, Civil § 1475 (West Pub. Co.

1971). The court did not abuse its discretion in finding this claim to be untimely.

The appellee contends that this appeal is frivolous. We agree. The appellee is directed to include a claim for attorney fees in both the trial court and this court in his statement of costs. Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.