609 P.2d 561

Gil K. PHARES, Trustee, Appellee,

v.

Jack O. NUTTER and Walter J. Duepner, Appellants.

Walter J. DUEPNER, Appellant,

v.

Gil K. PHARES, Trustee for all of the stockholders of Texas Materials, Inc., Appellee.

No. 14513.

Supreme Court of Arizona, In Banc.

March 19, 1980.

Rehearing Denied April 15, 1980.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for appellee.

Feller and Cohen by Roger L. Cohen, Phoenix, for appellants.

STRUCKMEYER, Chief Justice.

This is a consolidated appeal challenging the enforcement of a Texas judgment filed pursuant to the Revised Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701 et seq., and the granting of summary judgment in the suit for damages in connection with the transaction out of which the Texas judgment arose. Jurisdiction was accepted pursuant to Rule 19(a) Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Judgment of the Superior Court reversed.

In order to provide the necessary background for the opinion, the facts will be compressed to a minimum and taken in the light most favorable to Nutter and Duepner.

Nutter and Duepner, hereinafter called appellants, purchased a gravel mine for $1,400,000 from Phares, Trustee, appellee. Certain disputes arose between the parties over the inability of Phares to deliver proper title and, unknown to appellants, a suit was filed by Phares against them in Texas. Appellant Nutter was induced to come to Texas from Arizona by Phares on the pretext that another buyer had been located

and that appellants could be relieved from any liability on the original purchase agreement. During the meeting in a hotel room near the Houston airport, Nutter was served with process in the Texas action. At that time Nutter was told by Phares that the lawsuit was simply a "technical" suit. Phares introduced Nutter to a lawyer by the name of Selman, and arranged for him to defend appellants against appellee's "technical" lawsuit. Instead, Selman turned the defense of the suit over to an attorney by the name of Harvill. Nutter charges that Harvill was unknown to him and was not authorized to enter a general appearance in the litigation. After the general appearance, requests for admissions were filed in the Texas action by appellee. These were never responded to by appellants because the request for admissions was never made known to them by Selman. Under Texas procedure, the requested admissions were deemed admitted and a summary judgment was granted to appellee.

Appellants first learned of the $1,400,000 judgment rendered in Texas against them five days before the judgment was filed in Arizona pursuant to the Revised Uniform Enforcement of Foreign Judgments Act, A.R.S. § 12–1701 et seq. The action seeking to enforce the Texas judgment was Cause C–304546 of the Maricopa County Superior Court. Upon learning of the filing of the Texas judgment in Maricopa County, appellants filed a motion to stay enforcement of the Texas judgment pursuant to A.R.S. § 12–1704. This motion was denied. Appellants then filed a motion to set aside the Texas judgment pursuant to Rule 60(c), Arizona Rules of Civil Procedure. To this, appellee responded by filing a motion to strike appellants' motion to set aside. The court, for reasons which are not clear, denied the appellants' motion to set aside and granted appellee's motion to strike. Cause C–306807 was filed by Duepner for damages for fraud and breach of contract. It was consolidated with Cause C–304546 in the Superior Court.

On appeal, this Court accepted transfer of the consolidated case in order to clarify an asserted inconsistency between the Court of Appeals decision in *Jones v. Roach*, 118 Ariz. 146, 575 P.2d 345 (App.1978), and our recent opinion in *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 599 P.2d 772 (1979). These two decisions and the one presently under consideration deal with the issue of whether a foreign judgment, filed pursuant to A.R.S. § 12–1701 et seq. can be collaterally attacked in the Arizona courts, and, if so, by what procedure and on what grounds can such an attack be made.

Appellee's position is that *Jones v. Roach*, supra, is similar to the present case, and is therefore controlling. *Jones v. Roach* is, however, readily distinguishable both on the facts and the issue presented for determination. In it, the judgment debtor, Jones, filed a Rule 60(c) motion in an attempt to prohibit enforcement of a foreign judgment on the ground that he had relied on a co-defendant's representation that counsel would be hired to appear and defend the action in Colorado. Jones and his co-defendants were properly served and filed an answer in the Colorado action. Defense counsel withdrew from representation prior to trial, however all defendants were notified of such withdrawal. At the trial no appearance was made by or on behalf of any of the defendants, and judgment was entered against them. Former counsel advised Jones that judgment had been entered and urged employment of new counsel to effect any available post judgment relief, but Jones took no action. When the Colorado judgment was filed in Arizona pursuant to A.R.S. § 12–1701 et seq., Jones filed a Rule 60(c) motion to prevent the enforcement of the judgment, alleging that he had relied upon a co-defendant's representation that new Colorado counsel would be retained to represent all defendants at trial.

Rule 60(c) provides in part:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other mis-

. . . . .

conduct of an adverse party; (4) the judgment is void; * * * (6) any other reason justifying relief from the operation of the judgment."

In *Jones* there was no contention made on appeal that the Colorado judgment was not entitled to full faith and credit because it was obtained by extrinsic fraud or that the Colorado court lacked jurisdiction.

The Arizona Court of Appeals said:

"* * * there has grown up a body of case law which holds that * * * a sister state need not give full faith and credit to another state's judgments if the rendering state lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process, the foreign court was incompetent to render the judgment, the judgment was the result of extrinsic fraud or if the judgment was invalid or unenforceable. [Citations omitted.] Jones does not contend any of these 'defenses' are applicable here."

And the court concluded after examining the Revised Uniform Enforcement of Foreign Judgments Act (A.R.S. § 12–1701 et seq.):

"Thus, A.R.S. § 12–1702 merely provides that procedurally a foreign judgment is subject to the same procedures as a *final* judgment of this state." (Emphasis in original.)

While some of the language used in *Jones* when taken out of context might seem to support the assertion that Rule 60(c) has no application to the enforcement of foreign judgments, an examination of the facts in the case and the holding of the Court of Appeals makes it clear that the court was not saying Rule 60(c) had no application to the enforcement of foreign judgments.

In any event, such a concept was specifically rejected by the decision of this Court in *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 599 P.2d 772 (1979). That case dealt with a direct challenge to the validity and full faith and credit aspect of a foreign judgment. There, the debtor, Johnson, sought by a Rule 60(c) motion to have a Massachusetts judgment vacated on the grounds of improper service and the consequential lack of jurisdiction. In answering the argument that the motion was an improper collateral attack on an authenticated foreign judgment, this Court said:

"Foreign judgments are subject to the same procedures for vacating as are established for vacating a judgment of the Superior Court of this State."

■ *Springfield Credit Union v. Johnson* is controlling in the present case. Foreign judgments are subject to the same procedures, defenses and proceedings as are local judgments. See A.R.S. § 12–1702.

■ It is argued that foreign judgments sought to be enforced in a non-rendering state are subject to and protected by the federal constitution. By Art. IV, § 1, the Full Faith and Credit Clause, judgments rendered by the courts of one state shall be given the same full faith and credit by the courts of every other state of the United States as the judgment would be accorded in the rendering state. *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). But foreign judgments may be attacked if the rendering court lacked jurisdiction over the person or subject matter, the judgment was obtained through lack of due process, the judgment was the result of extrinsic fraud, or if the judgment was invalid or unenforceable. *Bebeau v. Berger*, 22 Ariz.App. 522, 529 P.2d 234 (1974); *Jones v. Roach*, 118 Ariz. 146, 575 P.2d 345 (App.1978); *Springfield Credit Union v. Johnson*, supra. While appellants could have drafted their pleadings more precisely, as a minimum the lack of personal jurisdiction based upon alleged faulty service, the extrinsic fraud based upon Phares' assurance of the purpose and outcome of the Texas action, and the unauthorized appearance by counsel were matters reviewable under Rule 60(c).

In summary, we hold:

(1) That the Revised Uniform Enforcement of Foreign Judgments Act prescribes procedures by which rights under the full faith and credit clause may be enforced.

(2) That the Act itself by this language used in A.R.S. § 12–1702:

"* * * A [foreign] judgment * * * has the same effect and is subject to the same procedures * * * for * * * vacating * * * as a judgment of a superior court of this state * * *" contemplates the setting aside of a foreign judgment filed in Arizona.

(3) That Rule 60(c) sets forth the circumstances under which a judgment of a Superior Court in Arizona may be vacated and the vacation may be by motion or independent action.

(4) That the Full Faith and Credit Clause of the United States Constitution does not prevent a judgment debtor from collaterally attacking a foreign judgment on the grounds of fraud or want of jurisdiction.

(5) That appellants have been erroneously precluded from challenging the Texas judgment.

Reversed with directions that the Superior Court proceed to a determination of these matters on the merits.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.