804 P.2d 118

**PIONEER FEDERAL SAVINGS BANK,**
**a federal savings bank,**
**Plaintiff–Appellant/Cross–Appellee,**

v.

**Jack DRIVER,**
**Defendant–Appellee/Cross–Appellant.**

**No. 1 CA–CV 89–228.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 24, 1990.

Bayham & Beucler, P.C. by Alan Bayham, Phoenix, for plaintiff-appellant/cross-appellee.

Farrer, Shapiro & Ross, P.C. by Craig Collins, Sun City, for defendant-appellee/cross-appellant.

## OPINION

TAYLOR, Judge.

Pioneer Federal Savings Bank ("Pioneer") appeals the trial court's order granting a motion by Jack Driver ("Driver") to set aside a deficiency judgment obtained by Pioneer in the Circuit Court of the First Circuit, State of Hawaii. Driver cross-appeals the trial court's denial of his motion for damages and request for an evidentiary hearing. We affirm the trial court on both issues.

## FACTS AND PROCEDURAL HISTORY

Driver purchased a condominium in Hawaii in December, 1978. Pioneer became holder of the first mortgage on January 2, 1981. The condominium was thereafter sold by Driver to purchasers from New York on July 14, 1981.

On December 12, 1983, Pioneer filed suit in state court in Hawaii seeking foreclosure of the mortgage and a deficiency judgment against Driver under Hawaii law. Pioneer sent a certified mailing of the summons to Driver at a California address listed on the July, 1981 Sale Agreement between Driver and the New York purchasers of the condo-

minium. The summons was returned, marked "unclaimed."[1]

At the time he purchased the condominium and thereafter, Driver's principal residence was Youngtown, Arizona, where he resided except for a five-month period ending January, 1981, when he lived in Hawaii. Upon his return to Arizona in January, 1981, Driver processed a forwarding address notice with the Hawaii postal system. During the time that Driver owned the condominium, but lived in Arizona, he regularly received mail addressed to his Arizona residence. This mail included Hawaii tax notices, direct communications from the escrow company and the property management firm handling the Hawaii condominium, and also mail forwarded from the Hawaii address where he had resided.

Upon the return of the summons, marked "unclaimed", Pioneer filed under Hawaii law[2] an *ex parte* motion for service by publication along with a required affidavit by Pioneer's attorney stating that the California address was the last known address of the defendant and that no other address was known to the affiant. Finding Pioneer's motion and affidavit sufficient, the Hawaii court authorized service by publication. Pioneer complied with the Hawaii publication statute, and the Circuit Court ordered the default foreclosure judgment on April 17, 1984 and entered a deficiency judgment of $47,412.20 against Driver on February 12, 1985.

Approximately five months after the deficiency judgment was entered, Driver received a notice from Pioneer's collection agency and also a letter from Pioneer's attorney. The notice and letter were addressed to Driver's residence in Youngtown, Arizona.

Unable to collect on the deficiency judgment, Pioneer filed both judgments in Maricopa County Superior Court under the *Revised Uniform Enforcement of Foreign Judgments Act.*[3] Driver moved to set aside the Hawaii judgments on the grounds that they were void for lack of personal jurisdiction due to insufficient service of process, citing Arizona and Hawaii law. Driver also moved for damages and requested an evidentiary hearing. The Superior Court granted Driver's motion in part, declaring the deficiency judgment void, but denying the motion for damages and request for an evidentiary hearing.

## DISCUSSION

Two issues are presented for our review. On Pioneer's appeal, the issue is whether the trial court committed error in granting Driver's motion to declare the default deficiency judgment void. Because the trial court's ruling dealt only with the deficiency judgment, we do not examine the foreclosure judgment. On Driver's cross-appeal, we must determine if the trial court erred in denying Driver's motion for damages and request for an evidentiary hearing.

*The Deficiency Judgment*

Driver claims that the deficiency judgment is void for lack of personal jurisdiction because he was not personally served with process. He argues that a money judgment is an *in personam* judgment that requires personal service and that, even under Hawaii law, Pioneer's affidavit was

---

1. The California address was a second home then owned by Driver and which he subsequently sold.

2. Hawaii law allows *in personam* judgments based on notice by publication if certain statutory requirements are met. H.R.S. § 634–23(2) states:

 If a defendant is unknown or does not reside within the State or if after due diligence, the defendant cannot be served with process within the State, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be made as provided by section 634–24 or by publication, as may be appropriate; provided that service by publication shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by section 634–24. The affidavit required by this paragraph shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to locate and effect personal service on the defendant and any other pertinent facts.

3. A.R.S. § 12–1701 et seq. provides that a properly filed foreign judgment has the same effect and is subject to the same procedures as a final judgment of the state of Arizona.

insufficient to justify service by publication. Further, he argues that under the Full Faith and Credit provision of the federal constitution,[4] due process must be satisfied before a state is required to enforce a foreign judgment.

Pioneer urges that service by publication was proper under Hawaii law and that the affidavit was sufficient. Further, Pioneer submits that Driver did not meet the burden of proof required to set aside the judgment and therefore, the judgment is entitled to full faith and credit by the Arizona court.

Because we find the constitutional issue of due process dispositive of this case, we need not address the other issues presented by the parties. We therefore do not decide whether the Hawaii judgment was valid under that state's law. We examine only whether the deficiency judgment satisfied federal due process standards and is therefore entitled to full faith and credit.

 The constitutional mandate of full faith and credit requires that a judgment validly rendered in a state court be accorded the same validity and effect in every other state's courts as it had in the state rendering it. *Lofts v. Superior Court,* 140 Ariz. 407, 410, 682 P.2d 412, 415 (1984). However, foreign judgments may be attacked if the rendering court lacked jurisdiction over person or subject matter, or judgment was obtained through lack of due process or was the result of extrinsic fraud, or if the judgment was invalid or unenforceable. *Phares v. Nutter,* 125 Ariz. 291, 293, 609 P.2d 561, 563 (1980). Pioneer claims that Hawaii statutes authorize notice by publication in certain *in personam* cases, that the deficiency judgment was valid under Hawaii law, and that the Arizona court should therefore give the deficiency judgment full faith and credit. Arizona, however, is bound by the federal constitution, not by Hawaii law. If Arizona finds that the notice given Driver failed to satisfy constitutional due process standards, it may properly refuse to grant full faith and credit to the Hawaii judgment.

 An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). Notice by publication is insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand. In other words, the requirements of due process are not satisfied unless due diligence has been exercised to find the whereabouts of the defendant. *Id.; Schroeder v. City of New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Walker v. City of Hutchinson, Kansas,* 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

 In addressing the question of whether Pioneer exercised sufficient due diligence to satisfy the federal due process standard, we may infer findings of facts that sustain the trial court's judgment and are reasonably supported by the record. *See Thomas v. Thomas,* 142 Ariz. 386, 390, 690 P.2d 105, 109 (App.1984). According to the record before us, Driver's Arizona address was ascertainable from tax records, from the escrow company and the property management firm handling the Hawaii condominium, as well as the post office which was forwarding mail from Driver's Hawaii address to his Arizona residence. These were readily available "sources at hand". Yet in its affidavit of counsel in support of its *ex parte* motion for service by publication, Pioneer asserts only that it served Driver by certified mail to an address listed on an 1981 Agreement of Sale of the Hawaii condominium and that there was "no other known address of the defendant." We deem such averments to be no more than mere gestures by Pioneer to provide Driver with notice. As stated by the United States Supreme Court, "... when notice is a person's due, process which is a mere

4. U.S. Const. art. iv, § 1.

gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. The record fails to reflect facts sufficient to demonstrate that Pioneer exercised due diligence in its efforts to ascertain Driver's whereabouts. It is worthy of note that only a few months after the deficiency judgment, Pioneer was able to ascertain Driver's Arizona address to send a collection notice and a letter from its attorney.

The burden of affording proper notice rests on the plaintiff. It cannot be avoided by the perfunctory judicial approval of an unsupported conclusion of "due diligence". *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Although Pioneer argues that its affidavit satisfied the Hawaii court, we find the affidavit insufficient under the "due diligence" standard as developed in *Mullane* and later cases. We conclude that failure to consult any of the readily available sources of Driver's address portrays a lack of due diligence and renders service by publication insufficient for *in personam* jurisdiction. *Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 798 P.2d 395 (App.1990).

Further, we find no merit to Pioneer's suggestion that Driver waived his constitutional right to personal service on the deficiency suit. Pioneer again refers to the 1981 Agreement of Sale of the condominium. Pioneer suggests that because the agreement provided for written notification to the New York purchasers of any new address, Driver was obligated to notify Pioneer of any change in address. We find this argument unpersuasive. There is no evidence in the record that Pioneer was a party to the sales agreement.

*Motion for Damages*

By cross-appeal Driver seeks review of the trial court's denial of his Motion for Damages and Request for Evidentiary Hearing on that issue. However, our attention is not directed to anything in the record that suggests the trial court abused its discretion in denying his motion and request.

*Attorneys' Fees*

Driver has requested an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 12–341.01. We conclude that such an award is appropriate and it is therefore ordered granting Driver's request for attorneys' fees and costs on appeal. Driver is directed to file an application for fees pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure.

CONCLUSION

We conclude that the trial court correctly entered judgment declaring the deficiency judgment void and further that it was not an abuse of discretion for the trial court to deny the motion for damages and an evidentiary hearing. The judgment of the trial court is therefore affirmed.

LANKFORD, P.J., and McGREGOR, J., concur.