854 P.2d 1212

**Ray T. OYAKAWA, M.D.,
Plaintiff–Appellant,**

v.

**Richard GILLETT, M.D., Aracely
Gillett, Defendants–Appellees.**

**No. 1 CA–CV 91–0160.**

Court of Appeals of Arizona,
Division 1, Department A.

June 10, 1993.

Lawrence Silver, Los Angeles, CA, Wachtel, Biehn & Malm by Steven A. Biehn, Lake Havasu City, and Howard Snyder, Phoenix, for plaintiff-appellant.

David Wm. Engelman, P.C. by David Wm. Engelman, Phoenix, for defendants-appellees.

## OPINION

LANKFORD, Presiding Judge.

The plaintiff appeals from the superior court's order staying enforcement of his California judgment and vacating that judgment as to one of the defendants, Mrs. Gillett. We confront the following question: Is the California judgment entitled to full faith and credit under Article IV, section 1 of the United States Constitution?

We hold that the California judgment is entitled to full faith and credit. It is therefore valid and enforceable against the defendants' marital community. Accordingly, we reverse.

Defendants Dr. Richard Gillett and Aracely Gillett were married in 1979 and have remained married continuously. In 1984, the plaintiff, Dr. Ray Oyakawa, sued Dr. Gillett for defamation in a California superior court. All parties then resided in California. Dr. Oyakawa neither named nor served Dr. Gillett's wife, Aracely Gillett. After a verdict in his favor, Dr. Oyakawa obtained a judgment against Dr. Gillett alone for $325,000 in damages, including $175,000 punitive damages.

The Gilletts moved from California to Arizona. Pursuant to the Revised Uniform Enforcement of Foreign Judgments Act, Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–1701 *et seq.* (1982), Dr. Oyakawa domesticated the California judgment in Arizona—acquired an Arizona judgment in Mohave County Superior Court to the same effect as the California judgment—and obtained an Arizona writ of garnishment against Dr. Gillett's wages. The Gilletts moved to quash the writ, arguing that because the California judgment was against Dr. Gillett only it could not support garnishment of wages which were community property. Dr. Oyakawa agreed to quash the writ and

returned to the California superior court where he obtained an amended judgment, stating that it was valid against the community. He then domesticated the amended California judgment in Arizona.

The Gilletts filed a motion in the Arizona superior court to stay enforcement of the new Arizona judgment and to vacate that portion of the judgment against Aracely Gillett. The superior court granted the motion and Dr. Oyakawa appealed.

We must decide whether the California judgment against the Gilletts' marital community is valid. The defendants argue that the Arizona courts must apply Arizona law, which requires the plaintiff to have proceeded against both spouses for the judgment to be valid against the community. The plaintiff argues that applying Arizona law would deny the judgment the full faith and credit to which it is entitled under the Federal Constitution. Therefore, our first task is to determine whether the judgment is entitled to full faith and credit.

■ The Full Faith and Credit Clause of the United States Constitution obliges the states to respect and enforce judgments rendered in the courts of their sister states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. *See also* 28 U.S.C.A. § 1738 (1966) ([d]uly authenticated judgments "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken"). The foreign state's judgment need not be enforced if the rendering court lacked personal or subject-matter jurisdiction, the judgment was obtained through fraud or is invalid or unenforceable, or the defendant's due process rights were violated. *E.g., Phares v. Nutter,* 125 Ariz. 291, 293, 609 P.2d 561, 563 (1980); *Bebeau v. Berger,* 22 Ariz.App. 522, 523, 529 P.2d 234, 235 (1975).

■ The Gilletts contend that the judgment is effective only against Dr. Gillett and cannot be enforced against the community because Aracely Gillett was not joined in the original California defamation suit. In Arizona, a plaintiff desiring to obtain a judgment against the marital community for a community debt must join both spouses:

[E]ither spouse may contract debts and otherwise act for the benefit of the community. In an action on such a debt or obligation the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation.

A.R.S. § 25–215(D) (1991).

However, the rule is different in California. The legislature of that state has provided:

Except as otherwise expressly provided by statute, the community property is liable for a debt[1] incurred by either spouse before or during marriage, regardless which spouse has the management and control of the property and *regardless whether one or both spouses are parties* to the debt or *to a judgment for the debt.*

CAL.CIV.CODE § 5120.110(a) (West Supp. 1992) (emphasis added). Thus, California law provides that the Gilletts' community property is liable for the debt established by a judgment solely against Dr. Gillett.

The question arises whether enforcing the original California judgment against both Dr. and Mrs. Gillett is not required by full faith and credit because it would violate Mrs. Gillet's right to due process of law. According to the Gilletts, the California judgment cannot be enforced against Mrs. Gillett's interest in the community property because she was neither named nor served in the California action. The Gilletts also argue that the amended California judgment (which added her as a judgment debtor) violated due process be-

---

**1.** The term "debt" includes both contractual and tort obligations. CAL.CIV.CODE § 5120.030 (West Supp.1992).

cause it deprived her of important rights: the right to a jury trial; the right to a full and fair hearing; and the defense of the statute of limitations. They cite *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 676 P.2d 669 (App.1984), as condemning the addition of a non-named party after judgment.

■ The California judgment is entitled to a presumption of validity. A party challenging the validity of a foreign judgment bears the burden of proof. *Banco de Sonora v. Morales*, 23 Ariz. 248, 203 P. 328 (1922). A duly authenticated judgment of a sister state is prima facie evidence of that state's jurisdiction to render it and of the right which it purports to adjudicate. *Schilz v. Superior Ct.*, 144 Ariz. 65, 71, 695 P.2d 1103, 1109 (1985); *cf. Stirewalt v. P.P.G. Indus., Inc.*, 138 Ariz. 257, 259, 674 P.2d 320, 322 (App.1983) (statutes are presumed to be constitutionally valid and party challenging statute's constitutionality has burden of satisfying court beyond a reasonable doubt that it is unconstitutional).

Aracely Gillett's due process rights were not violated. Her separate property is unaffected by the judgments. *See* CAL.CIV. CODE § 5120.110. Although the judgment binds her interest in the property of the marital community, California statutes provide constitutionally adequate procedures to protect that interest.

The effect of California Civil Code section 5120.110 is to make the spouse who appears in the action the representative of the marital community. Although the statute provides that only one spouse need be named and served, the statute also gives notice to all married persons that a judgment binding both spouses can be obtained by suing only one spouse.

The Gilletts have failed to offer any reason why either this scheme in general, or Richard Gillett's representation of the community in this particular case, was inadequate. No evidence suggests that he failed to protect any community interests or that his interests were so unrepresentative of the community's interest that the judgment unfairly harmed the community.

Under certain circumstances, one party may be represented by another in a lawsuit without a violation of due process. The Restatement (Second) of Judgments provides that:

(1) ... A person is represented by a party who is:

. . . . .

(c) The executor, administrator, guardian, conservator, or similar fiduciary manager of an interest of which the person is a beneficiary; ...

. . . . .

(2) A person represented by a party to an action is bound by the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to service of process.

Restatement (Second) of Judgments, § 41 (1982). Moreover, a comment to section 41 specifically addresses the relationship between spouses in a community property state: "Fiduciary authority and responsibility for management of interests of others may repose in relationships other than a trust. One such relationship is that arising from community property ownership between spouses, in which a spouse has managing authority over the community property." Restatement (Second) of Judgments, § 41, comment b (1982).

■ Several courts have applied this principle. For example, in *Komm v. Department of Social and Health Servs.*, 23 Wash.App. 593, 597 P.2d 1372 (1979), the court held that judgment against a wife for a community obligation could be satisfied through garnishment of her husband's wages, which were community property. This garnishment did not violate due process because the wife, as the agent of the community, represented both spouses' interests in the action. 597 P.2d at 1376. And in *Hebert v. Unser*, 593 So.2d 977 (La.App.1992), the court found that garnishment of a judgment debtor's wife's wages did not violate due process. "[S]ince either party is the proper party in an action to enforce a community obligation, the wife here was not required to be notified of the suit or garnishment." *Id.* at 980. These

cases illustrate the principle that a judgment against one spouse may be enforced against the marital community without necessarily violating due process. *See also Carlton v. Estate of Estes*, 664 S.W.2d 322 (Tex.1984) (wife's interest in community property subject to joint management, control, and disposition liable to satisfy her husband's debts arising from a lawsuit to which she was not a party).[2]

Our holding here is distinguishable from our recent decision in *Flexmaster Aluminum Awning Co. v. Hirschberg*, 173 Ariz. 83, 839 P.2d 1128 (App.1992). In that case, we rejected the notion that a constitutionally valid judgment can be obtained against a marital community without proceeding against both spouses. The issue in *Flexmaster* was whether the wife is a necessary party in the plaintiff's action to recover community property for the husband's separate, premarital debt under A.R.S. section 25–215(B).[3] The court rejected the argument that a plaintiff can sue only the debtor spouse and enforce the resulting judgment against the community:

> A creditor must join both spouses as defendants before the creditor may obtain and execute a judgment against the community. A.R.S. § 25–215(D) ("[I]n an action on [a debt against the community] the spouses shall be sued jointly...."). In *Eng v. Stein*, 123 Ariz. 343, 599 P.2d 796 (1979), our supreme court held a judgment against a husband and wife was not enforceable against the wife or the community because she had never been named or served in the lawsuit. The court relied on Justice Struckmeyer's dissent in *King v. Uhlmann*, 103 Ariz. 136, 156, 437 P.2d 928, 948 (1968), to void the judgment against the wife and the community. Justice Struckmeyer wrote, "[t]hat an in personam judgment may not be rendered against one who has never been a party to the litigation would seem so obvious that citation of authority should be unnecessary." *Id.* at 156, 437 P.2d at 948. *See also Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36, 676 P.2d 669, 670, (App.1984) (judgment against only one spouse does not bind the community).

173 Ariz. at 88, 839 P.2d at 1133. The court held the wife was a necessary party, based in part on due process grounds: "We hold, therefore, that a judgment against the marital community for a separate premarital debt is not valid unless both spouses are joined in the action. The wife's interest in community property includes a due process right to litigate both the premarital debt and the value of the husband's contribution to the marital community." *Id.*

This case is distinguishable from *Flexmaster*. The plaintiff in this case obtained a valid judgment against the community for a post-marital tort by operation of California law, which we hold comports with due process. In California, community property is liable for a community debt "regardless whether one or both spouses are parties to the debt or to a judgment for the debt." Cal.Civ.Code § 5120.110(a) (West Supp.1992). In contrast, we found in *Flexmaster* that the trial court erred in dismissing the wife from a suit seeking enforcement of a premarital, separate debt of the husband through a judgment against community property. In Arizona, there is no statute like California Civil Code section 5120.110, which gives notice to all married persons that an action on a community

---

**2.** However, a represented party is not bound by a judgment when "[t]he representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of facts making that failure apparent." Restatement (Second) of Judgments § 42(1)(e) (1982). In that case, "the represented person may avoid being bound either by appearing in the action before rendition of the judgment or by attacking the judgment by subsequent proceedings." *Id.* at § 41, comment a (1982).

**3.** A.R.S. section 25–215(B) (1991) provides:

> The community property is liable for the premarital separate debts or other liabilities of a spouse, incurred after September 1, 1973 but only to the extent of the value of that spouse's contribution to the community property which would have been such spouse's separate property if single.

While on its face this statute has no bearing on California procedure, *Flexmaster* had a constitutional basis and therefore arguably relates to the case at hand.

obligation may proceed against one spouse and that the resulting judgment binds the community of both spouses. On the contrary, A.R.S. § 25–215(D) (1991) provides that both spouses must be sued jointly on a community obligation.

The Gilletts' reliance on *Spudnuts* is also misplaced. In that case Division Two of this court held that under A.R.S. section 25–215(D), a plaintiff must sue both spouses jointly to hold a marital community accountable for an obligation. 139 Ariz. at 36, 676 P.2d at 670. In this case, the California statute specifically authorizes judgment against the community through a lawsuit naming only one spouse. Therefore, the judgment in this case is not invalid under *Spudnuts*.

We hold that in the present circumstances the Gilletts' marital community was not deprived of due process by the judgment in a suit in which Aracely Gillett was neither named nor served. As a consequence, the original judgment is not tainted. Because the judgment was effective against the community, there was no violation of due process in amending the judgment to reflect community liability. Consequently, both the original and amended judgments are entitled to full faith and credit in the Arizona courts.

▮ The superior court's order conditioning Arizona recognition of the California judgment on compliance with Arizona law violated the Full Faith and Credit Clause. Article IV, section 1 of the United States Constitution requires that " 'not some, but full' faith and credit be given judgments of a state court." *State v. Drury,* 110 Ariz. 447, 452, 520 P.2d 495, 500 (1974), (quoting *Williams v. North Carolina,* 317 U.S. 287, 294, 63 S.Ct. 207, 211, 87 L.Ed. 279 (1942), quoting in turn *Davis v. Davis,* 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938)). This is true even when the cause of action underlying the judgment is barred by the public policy of the state in which the judgment is sought to be enforced. *State v. Drury,* 110 Ariz. at 452, 520 P.2d at 500 (quoting *Williams v. North Carolina* ). The rule is subject to very few exceptions because the " 'very purpose' " of the Full Faith and

Credit Clause "was 'to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation.' " *Id.* (quoting *Williams v. North Carolina,* quoting in turn *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 276, 277, 56 S.Ct. 229, 234, 80 L.Ed. 220 (1935)).

The superior court, in its minute entry granting the motion to stay enforcement and to vacate judgment against Aracely Gillett, found that A.R.S. section 25–215(D) was applicable to the enforcement of the foreign judgment:

> The "unique" requirements of the Arizona Revised Statute 25–215 requires [sic] Plaintiff as a precondition to executing upon community property to sue the spouses jointly and obtain a judgment against the spouses jointly or against the marital community. It is agreed that Dr. Oyakawa did not sue Dr. Gillett and Aracely Gillett jointly, but instead sued Dr. Gillett after obtaining a judgment against Dr. Gillett [sic]. Plaintiff then prevailed upon the California Court to amend the judgment to add the community interest of Aracely Gillett as a judgment debtor.
>
> In this Court's opinion, the above procedure does not comply with the dictates of A.R.S. 25–215 and fails to give the community of Arizona residents the protection of the "unique" requirements of the enactments of our legislature.

The superior court superimposed Arizona law upon the California judgment, undercutting the effect of that judgment and thereby violating the Full Faith and Credit Clause. The superior court's order incorrectly assumes that a foreign judgment may be attacked on the basis that it does not comply with the law of the state in which the plaintiff seeks its enforcement. That is not the case:

> [T]he judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the state where it was

pronounced, and ... whatever pleas would be good to a suit thereon in such state, *and none others,* could be pleaded in any other court in the United States.

*Stephens v. Thomasson,* 63 Ariz. 187, 194, 160 P.2d 338, 341 (1945) (quoting *Williams v. North Carolina,* 317 U.S. 287, 293–94, 63 S.Ct. 207, 210–11, 87 L.Ed. 279 (1942)) (emphasis added). Under *Stephens v. Thomasson* and *Williams v. North Carolina,* the validity of the judgment is tested by whether it would be effective in the rendering state. Clearly, a California court would not refuse to enforce a California judgment on the basis that the California plaintiff, suing a California couple for a tort occurring in California, failed to comply with Arizona procedural law. The Full Faith and Credit Clause compels the Arizona courts to reach the same result.

The Gilletts nevertheless contend that this order complies with the Federal Constitution. Citing *C & J Travel, Inc. v. Shumway,* 161 Ariz. 33, 775 P.2d 1097 (App. 1989), and *Vikse v. Johnson,* 137 Ariz. 528, 672 P.2d 193 (App.1983), they argue that enforcement of the California judgment is governed by A.R.S. section 25–215(D), which requires that both spouses be sued jointly on a community obligation.

In *Vikse v. Johnson,* the plaintiffs attempted to enforce a Minnesota judgment from a suit in which the plaintiffs sued only the husbands and failed to proceed against the wives or marital communities. Division Two concluded that the judgment could not be satisfied from Arizona community property because A.R.S. section 25–215(D) required joinder of both spouses, and that this did not violate full faith and credit:

> Likewise, we do not agree that requiring the joinder of a spouse in order to bind the community violates the full faith and credit clause, U.S. Const. art. IV, Sec. 1. All that needed to be done here, assuming community liability, was to join both spouses in the Minnesota lawsuit.

137 Ariz. at 531, 672 P.2d at 196. The court followed this holding in rejecting a similar argument in *C & J Travel, Inc. v.*

*Shumway,* 161 Ariz. at 36, 775 P.2d at 1100.

*Vikse* and *Shumway* are distinguishable. In both, judgment was obtained in non-community property states against one spouse, resulting in judgments valid only against that named spouse. In contrast, the judgment in this case was obtained in California, a community property state with a specific statutory provision which includes the community in a judgment against one spouse. By operation of California Civil Code section 5120.110(a), Dr. Oyakawa obtained a judgment valid against the marital community, a judgment which the judgment creditors in *Vikse* and *Shumway* had not obtained.

The effect of the California judgment as against the Gillett community is determined by the laws of California, not Arizona. California law does not violate due process. The superior court's holding that A.R.S. section 25–215(D) applies did not comport with section 5120.110 of the California Civil Code and consequently violated the Full Faith and Credit Clause. We therefore reverse the order staying enforcement of the California judgment and vacating the judgment as to Aracely Gillett and the Gillett community.

KLEINSCHMIDT and O'MELIA, JJ., concur.

NOTE: The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.