937 P.2d 378

**Martin J. GIEHRL, Plaintiff–Appellee,**

v.

**ROYAL ALOHA VACATION CLUB, INC., Defendant–Appellant.**

**No. 1 CA–CV 96–0226.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 11, 1997.

Teilborg, Sanders & Parks, P.C. by Rick N. Bryson, Phoenix, for Plaintiff–Appellee.

Lewis and Roca, L.L.P. by Patricia K. Norris and R. Neil Taylor, III, Phoenix, for Defendant–Appellant.

OPINION

THOMPSON, Presiding Judge.

If one state court determines—in default proceedings—that it has personal jurisdiction over the defendant, and a second state court

determines—with both parties present and litigating the matter—that the first court lacked jurisdiction over the defendant's person, to which court, if either, should an Arizona court defer under the Full Faith and Credit Clause? That is the question presented in this appeal. The clear answer to the question is that the Arizona court must grant full faith and credit to the court that made its determination with both parties present to litigate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

Martin Giehrl (Giehrl) filed suit in the 44th Judicial District Court of Dallas County, Texas, against Royal Aloha Vacation Club, Inc., (Royal Aloha) a Hawaii corporation. Royal Aloha did not appear and the Texas court entered final judgment. The judgment states: "The court finds that it has jurisdiction over the parties and subject matter of this cause." Giehrl then attempted to domesticate the Texas judgment in Clark County, Nevada. The Nevada court, on Royal Aloha's motion, held that the Texas court lacked personal jurisdiction over Royal Aloha and entered its order granting Royal Aloha's motion to dismiss. Giehrl did not appeal the order.

Subsequently, Giehrl sought to domesticate the Texas judgment in Maricopa County, Arizona. Royal Aloha appeared and moved for relief from the Texas judgment, citing the Nevada court's determination that the Texas judgment was void for lack of general and personal jurisdiction. The Arizona superior court rejected Royal Aloha's argument, opining that "[e]ach court has the right to decide the issue of jurisdiction." The court denied Royal Aloha's motion for reconsideration.

The parties then filed memoranda on the issue of Royal Aloha's minimum contacts with the State of Texas. The court enumerated Royal Aloha's contacts with Texas, found no offense to traditional notions of fair play and substantial justice, and concluded the Texas court had jurisdiction. A formal order denying Royal Aloha's motion for relief from foreign judgment was filed on February 13, 1996. Royal Aloha filed a timely notice of appeal. We have jurisdiction. We reverse.

## DISCUSSION

■ The Full Faith and Credit Clause of the United States Constitution:

obliges the states to respect and enforce judgments rendered in the courts of their sister states: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. *See also* 28 U.S.C.A. § 1738 (1966).

*Oyakawa v. Gillett,* 175 Ariz. 226, 228, 854 P.2d 1212, 1214 (App.1993). The Clause was intended to nationalize the law of *res judicata. Tarnoff v. Jones,* 17 Ariz.App. 240, 243, 497 P.2d 60, 63 (App.1972) (citations omitted).

■ However, a sister state need not give effect to a judgment that was rendered without jurisdiction over the defendant. *Phares v. Nutter,* 125 Ariz. 291, 293, 609 P.2d 561, 563 (App.1980); *Bebeau v. Berger,* 22 Ariz. App. 522, 523, 529 P.2d 234, 235 (1974); *Oyakawa,* 175 Ariz. at 228, 854 P.2d at 1214.

■ Giehrl argues that we must give full faith and credit to the Texas court's determination that it had jurisdiction. This argument lacks merit. If the court finds jurisdiction over the defendant's challenge, then that determination is *res judicata* and entitled to full faith and credit. *Springfield Credit Union v. Johnson,* 123 Ariz. 319, 322, 599 P.2d 772, 775 (1979). However, if the defendant does not appear and does not challenge the court's jurisdiction, defendant may later do so in a proceeding to enforce the judgment. *See Williams v. North Carolina,* 325 U.S. 226, 230 n. 6, 65 S.Ct. 1092, 1095 n. 6, 89 L.Ed. 1577 (1945); *Matson v. Matson,* 310 N.W.2d 502 (Minn.1981).

Because defendant, although served, did not appear in the proceedings resulting in the Wisconsin judgment and did not litigate the jurisdictional issue, he is not bound on that issue by the doctrine of *res judicata. Compare Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) *with Sherrer v. Sherrer,* 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948) *and Coe v. Coe,* 334 U.S. 378, 68

S.Ct. 1094, 92 L.Ed. 1451 (1948). A collateral attack on the Wisconsin judgment on the ground that the Wisconsin Circuit Court lacked jurisdiction is thus available to the defendant.

*Matson v. Matson,* 310 N.W.2d at 506. A defendant served with a lawsuit in another state may litigate that state's jurisdiction in that suit, or may let the suit go to judgment by default and collaterally attack the jurisdiction when the plaintiff attempts to enforce the judgment elsewhere. *Corsica Cheese, Inc. v. Roers Enter.,* 389 N.W.2d 751, 753 (Minn.App.1986). Giehrl concedes that Royal Aloha did not appear in the Texas action and, indeed, the Texas judgment states as much. Consequently, the Texas court's determination that it had jurisdiction over the parties was open to collateral attack.

Giehrl argues that under the "rule of primacy" the rendering court's determination of its own jurisdiction controls, citing *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966). *Porter* is simply inapposite as it did not involve the issue presented here: whether to give *res judicata* effect to a court's determination that it has personal jurisdiction when the defendant did not appear and litigate the issue. As noted above, the answer to that question is "no." Giehrl stated argument that under *Tarnoff v. Jones,* 17 Ariz.App. at 243, 497 P.2d at 63, "a default judgment has the same force and effect as a judgment rendered after a trial on the merits" is unavailing. *Tarnoff* addressed the question of the correctness of the default judgment, not the lack of jurisdiction of the court that entered it. Indeed, *Tarnoff* notes that, in order to be entitled to *res judicata* effect, the judgment must have been rendered by a court having jurisdiction. 17 Ariz.App. at 243, 497 P.2d at 63.

Giehrl also argues that Ariz.Rev.Stat. Ann. (A.R.S.) § 12–1702 of Arizona's Uniform Enforcement of Foreign Judgments Act permits Arizona courts to inquire into the jurisdiction of the sister state's court that rendered the judgment sought to be domesticated, citing *Pioneer Fed. Sav. Bank v. Driver,* 166 Ariz. 585, 804 P.2d 118 (App.1990). *Driver* is also inapposite: there had been no prior adjudication of the rendering court's jurisdiction.

*Driver* stands only for the proposition that the state of domestication may inquire into the rendering court's jurisdiction. It does not in any way intimate that the state of domestication may ignore a previous judgment that has already determined the matter. To do so would violate the Full Faith and Credit Clause.

As noted above, Royal Aloha did attack the Texas court's jurisdiction when Giehrl attempted to domesticate the judgment. The Nevada court ruled that the Texas court lacked jurisdiction, and entered an order stating:

> This matter having come on for hearing ..., Defendant Royal Aloha Vacation Club, Inc. appearing ... and Plaintiff, Martin Giehrl, appearing ... the Court having read the pleadings on file herein and hearing the argument of counsel, and specifically finding that the Texas court did not have general or personal jurisdiction over Royal Aloha Vacation Club in Case No. 92–09007–B, thus the judgment rendered by the Texas court in Case No. 92–09007–B is not entitled to full faith and credit in the State of Nevada, therefore it is hereby
>
> ORDERED, ADJUDGED AND DECREED that Defendant Royal Aloha Vacation Club, Inc.'s Motion to Dismiss the Foreign Judgment is granted.

Giehrl initiated the Nevada action, appeared and litigated the issue of the Texas court's jurisdiction. The Nevada court ruled against him and he did not appeal. The Nevada judgment is entitled to full faith and credit in the State of Arizona; the issue is *res judicata* even where "the issue may have been determined incorrectly." *See Springfield Credit Union v. Johnson,* 123 Ariz. at 324, 599 P.2d at 777 (quoting *Fraternal Order of Police v. Superior Court,* 122 Ariz. 563, 565, 596 P.2d 701, 703 (1979) (citations omitted)).

The trial court's decision that "[e]ach court has the right to decide the issue of jurisdiction" fails to implement the Full Faith and Credit Clause and could lead to many inconsistent findings. Because the Texas judgment was taken by default, it was open to attack for lack of jurisdiction. However, once the issue of jurisdiction was actually

litigated in the Nevada court and its order became final the issue was closed.

Royal Aloha's request for attorneys' fees pursuant to A.R.S. § 12–341.01(A) is granted, pending compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

The trial court's judgment is reversed and the cause is remanded with instructions to enter judgment in favor of the defendant.

KLEINSCHMIDT and GRANT, JJ., concur.,