JUSTICE TRIEWEILER
specially concurring.
*345 ¶66 I concur with the maj ority’s conclusions that the appellant’s notices of appeal were filed in a timely manner, that the appellant filed the correct motions in the District Court to invoke relief from the Wyoming judgment, and that those motions were timely.
¶67 I concur with the majority’s decision to affirm the District Court’s denial of the plaintiff’s motion to set aside the Wyoming judgment; however, I would affirm the District Court for reasons other than those offered in the majority opinion.
¶68 I disagree with the majority’s conclusion, based on extraneous means of interpretation, that § 25-9-503, MCA, does not allow the appellant to attack a foreign judgment pursuant to Rule 60(b), M.R.Civ.P., on the same basis that he could attack a domestic judgment. The language of § 25-9-503, MCA, is plain on its face and provides, in relevant part, that a foreign judgment filed in this state, “has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.” When a statute is plain on its face, our obligation is to apply it as it has been written, and not to resort to extraneous sources for purposes of construing what was intended by the authors of the statute. State ex rel. Cobbs v. Montana Dep’t of Social and Rehab. Servs. (1995), 274 Mont. 157, 162, 906 P.2d 204, 207. Section 25-9-503, MCA, clearly provides that foreign judgments filed in this state can be attacked by the same procedures and for the same reasons as domestic judgments. The majority’s reliance on what it concludes was the drafter’s intent, to hold otherwise is contrary to our normal rules of statutory construction and application.
¶69 Having said that, however, I do not believe that the appellant has the right to challenge the Wyoming judgment repeatedly, and where he has already filed and lost the equivalent of a Rule 60(b) motion directly in the court where the judgment was entered, I would conclude that he is precluded by principles of res judicata from repeating that same challenge in a Montana court. The appellant did not appeal from denial of his post-judgment motion in Wyoming and, therefore, that judgment is as final as if it had been unsuccessfully challenged in Montana pursuant to § 25-9-503, MCA.
¶70 Because, as the majority recognizes, the appellant has already been unsuccessful in having his default judgment set aside in the Wyoming court based upon excusable neglect, I do not believe it was nec *346 essary for this Court to interpret § 25-9-503, MCA, as it has in order to affirm the District Court.
¶71 Furthermore, even though the plain language of § 25-9-503, MCA, authorizes the appellant’s action in the Montana District Court to set aside the Wyoming judgment pursuant to Rule 60(b), M.R.Civ.R, I would conclude that the authority to authorize such a challenge is preempted by 28 U.S.C. § 1738 which requires that foreign judgments be given the same effect they would be given in the state from which they originated. In other words, the federal standard for attacking a foreign judgment requires that its validity be considered based on the law of the state where it originated. Montana law provides that foreign judgments are subject to attack for the same reasons that domestic judgments would be subject to attack. The two standards are inconsistent and the. federal law has preemptive effect.
¶72 The supremacy clause of the United States Constitution provides that “[t]his constitution, and the laws of the United States which shall be made in pursuance thereof... shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.” U.S. Const, art. VI, cl. 2. Interpretation of the supremacy clause has created the doctrine of federal preemption, pursuant to which state laws that conflict with federal law are preempted and “without effect.” See Maryland v. Louisiana (1981), 451 U.S. 725, 746, 101 S. Ct. 2114, 2128-29, 68 L. Ed. 2d 576, 595.
¶73 Neither do I agree with the concurring opinion of Justice Leaphart that § 25-9-503, MCA, is unconstitutional in violation of the full faith and credit clause found in Article IV, Section 1, of the United States Constitution. I believe that the fiill faith and credit clause simply requires that Montana give the same effect to foreign judgments that it would give to domestic judgments and that is what the plain language of § 25-9-503, MCA, does. See, e.g., Phares v. Nutter (Ariz. 1980), 609 P.2d 561. However, the full faith and credit clause also authorizes Congress to expand on the effect to be given to foreign judgments and that is what it did when it enacted 28 U.S.C. § 1738.
¶74 For these reasons, I concur with the result arrived at by the majority, althoughl do not agree with all that is said in the majority opinion.
JUSTICE HUNT joins in the foregoing concurring opinion.