NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRANCIS A. COCCHIA, *Plaintiff/Appellee,*

*v.*

ROBERT J. TESTA, JR., et al., *Defendants/Appellants.*

No. 1 CA-CV 20-0392
FILED 3-11-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-013395
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

David T. Bonfiglio, PC, Scottsdale
By David T. Bonfiglio
*Counsel for Plaintiff/Appellee*

Maynard Cronin Erickson Curran & Reiter, PLC, Phoenix
By Douglas C. Erickson
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Acting Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1 This case involves related litigation in Connecticut and Arizona, complicated by various factors, including a father and a son with extremely similar names. In this appeal, Robert J. Testa challenges the Arizona Superior Court's determination that he consented to the jurisdiction of the Connecticut court and maintains that the resulting Connecticut judgment could not properly be domesticated and enforced in Arizona. Because the Connecticut judgment currently is on appeal and is not yet final, the Arizona court's order is vacated, and this matter is remanded.

## FACTS AND PROCEDURAL HISTORY

¶2 In April 2015, Robert and Karen Testa, husband and wife, created the Karen M. Testa Separate Property Trust (Trust) and transferred an Arizona house to the Trust. Robert and Karen Testa have a son also named Robert Testa. For clarity, Robert the elder is referred to as "Father" and Robert the younger as "Son."

¶3 In March 2016, Francis Cocchia sued Father in Connecticut Superior Court. Cocchia alleged that Father defaulted on an indemnity agreement and owed Cocchia more than $165,000.

¶4 In April 2017, Father and Karen were killed in a car accident. Son then became the successor trustee of the Trust.

¶5 In February 2018, Cocchia sought to amend his Connecticut complaint to allege that the transfer of the Arizona house to the Trust was a fraudulent conveyance. Although Cocchia's filings with the Connecticut court indicate that the amended complaint also sought "to add [as] a Defendant" the Trust, neither the Trust nor Son are listed in the caption or otherwise appear to be joined as parties. Cocchia apparently never served this amended complaint.

¶6          In May 2018, Cocchia filed a suit in Maricopa County Superior Court  against Father, Mother (both individually and as trustee), the Trust, "John Doe, successor trustee," and "unknown heirs or devisees of any deceased defendants." In February 2019, after Son answered, Cocchia and Son stipulated to stay that action pending the outcome of the Connecticut case. This first Arizona case remains pending.

¶7          At about this same time, in Connecticut, Cocchia moved "to substitute Robert J. Testa, Jr., Trustee of the [Trust] . . . as the Defendant." Cocchia alleged that no estate for Father had been opened in Connecticut, that Cocchia's first Arizona case was pending, and that "[t]he Defendants therein are attempting to avoid the Plaintiff's debt by claiming the instant action in Connecticut is the controlling case or venue." The Connecticut court granted Cocchia's motion and, in March 2019, Cocchia apparently filed an amended complaint asserting breach of contract and fraudulent conveyance claims. The caption of that March 2019 complaint lists "Robert J. Testa, Jr., Trustee of the" Trust as the sole defendant; Son's name, however, is not "Robert J. Testa, Jr."

¶8          Before he was killed, Father had retained counsel in the Connecticut case. That attorney later stated he was never served or provided any filings in the Connecticut case after the court granted Cocchia's motion to substitute. Cocchia also had not attempted to join Son in the Connecticut case before his motion to substitute. Cocchia claims he served the March 2019 amended complaint in the Connecticut case by personally serving Son in Cave Creek, Arizona. Son, however, did not answer or otherwise respond to the March 2019 amended complaint. Son later declared that he did not receive actual notice of the Connecticut case when it was filed nor notice of any effort to default him individually or as Trustee.

¶9          In May 2019, the Connecticut court found Son failed to appear and "a default for failure to appear was entered." In August 2019, based on information Cocchia provided, the Connecticut court issued a "Memorandum of Decision" awarding Cocchia $206,348 and finding that the transfer of the Arizona house to the Trust "was fraudulent as to [Cocchia] and to the extent of the amount of the judgment."

3

**¶10**　　　　　In October 2019, Cocchia made filings in this second Arizona case to domesticate the Connecticut Memorandum of Decision in Maricopa County Superior Court in this case. In December 2019, Son moved to set aside and vacate judgment and preclude enforcement, claiming he was not properly named, and the Connecticut court lacked personal jurisdiction over him.

**¶11**　　　　　Meanwhile, in Connecticut, Son moved to open, set aside and vacate judgment, and filed a motion to dismiss. Additional motion practice followed, and the Connecticut court held a hearing, apparently denying Son's motions. Son then filed a motion for clarification. In March 2020, the Connecticut court issued an order explaining that (1) substitution of Son as trustee as a party was appropriate; (2) Cocchia demonstrated that Son as trustee was personally served in Arizona; and (3) entry of default against Son was appropriate. No explanation, however, was provided regarding the denial of Son's motion to dismiss.

**¶12**　　　　　Later in March 2020, Son filed a notice of appeal to the Connecticut Court of Appeals, arguing the Connecticut court "never had personal jurisdiction over" him. From the information provided, it appears the Connecticut Court of Appeals has not yet issued a decision in that appeal, which remains pending.

**¶13**　　　　　Six days after Son filed his March 2020 appeal in Connecticut, the Arizona court denied Son's motion to set aside and vacate judgment and preclude its enforcement. Although Son asked the Arizona court to take judicial notice of various filings from the Connecticut proceedings that are part of the record on appeal, Ariz. R. Evid. 201, it is unclear whether the Arizona court did so.

**¶14**　　　　　The parties later stipulated to postpone a sheriff's sale of the house, citing Connecticut authority that automatically stays the enforcement of a judgment while an appeal is pending. Conn. R. App. P. § 61-11(a). The Arizona court accepted that stipulation and issued an order staying enforcement until the Connecticut appeal is resolved. After denying Son's motion to reconsider its March 2020 ruling, the Arizona court entered a final judgment rejecting Son's challenges in June 2020. This court has jurisdiction over Son's timely appeal pursuant to Article 6, Section 9, of the

Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1)(2021).[1]

## DISCUSSION

**¶15**　　At its core, Son's argument is that the Arizona court erred in rejecting his claim that the Connecticut judgment was "void and invalid" for the same two reasons he argued to the Connecticut court: (1) lack of proper service; and (2) lack of personal jurisdiction over Son.

**¶16**　　The Full Faith and Credit Clause of the United States Constitution "obliges the states to respect and enforce judgments rendered in the courts of their sister states." U.S. Const. art. IV, § 1. "A duly authenticated judgment of a sister state is prima facie evidence of that state's jurisdiction to render it and of the right which it purports to adjudicate." *Oyakawa v. Gillett*, 175 Ariz. 226, 229 (App. 1993). But such a judgment is not binding if it was rendered without jurisdiction over the defendant. *Phares v. Nutter*, 125 Ariz. 291, 293 (1980); *Bebeau v. Berger*, 22 Ariz. App. 522, 523 (1974). The challenger of the validity of the foreign judgment bears the burden of proof to show it is invalid. *Oyakawa*, 175 Ariz. at 229.

**¶17**　　"A defendant served with a lawsuit in another state may litigate that state's jurisdiction in that suit, or may let the suit go to judgment by default and collaterally attack the jurisdiction when the plaintiff attempts to enforce the judgment elsewhere." *Giehrl v. Royal Aloha Vacation Club, Inc.*, 188 Ariz. 456, 458 (App. 1997). The state where domestication is sought may inquire into the rendering court's jurisdiction but may not ignore a prior judgment that has determined the rendering court's jurisdiction in a matter; "[t]o do so would violate the Full Faith and Credit Clause." *Id.* A defendant who appears in the proceedings and litigates the jurisdictional issues is "bound on that issue by the doctrine of *res judicata*." *Id.* at 457 (quoting *Matson v. Matson*, 310 N.W.2d 502, 506 (Minn. 1981)).

---

[1]Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶18          "Because the judgment of a sister state must be final before full faith and credit attaches, [this court looks to Connecticut] law to determine when the judgment in this case became final." *See Grynberg v. Shaffer*, 216 Ariz. 256, 258 ¶ 8 (App. 2007). Under Connecticut law,

> [t]he test of finality is whether the rights of the parties are concluded so that further proceedings cannot affect them . . . The rights of the parties, in so far as they were capable of being affected by any subsequent proceedings connected with the matter then in court, were forever concluded. Nothing further remained to be decided by the court. The appeal was terminated. The issues which it presented were all resolved.

*Watson v. Howard*, 86 A.2d 67, 68–69 (Conn. 1952) (internal citations omitted).

¶19          Along with this governing case law by the Connecticut Supreme Court, a Connecticut court rule automatically stays "proceedings to enforce or carry out . . . judgment[s] or order[s] until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause." Conn. R. App. P. § 61-11(a). By statute, Arizona has a comparable provision recognizing that a pending appeal for a jurisdiction from another state presumptively precludes enforcement. "If the judgment debtor shows the superior court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded[.]" A.R.S. § 12-1704(A).

¶20          Given the pendency of the appeal in the Connecticut case, the judgment in that proceeding is not yet final under this authority, meaning full faith and credit obligations have not yet attached. *Grynberg*, 216 Ariz. at 258 ¶ 8. Accordingly, the Arizona court's consideration of the issues raised here must await final resolution of the Connecticut case. It will be for the superior court in the first instance to determine the extent to which Son and the Trust have litigated jurisdiction in Connecticut and the impact, if any, of *res judicata* in this case.

## CONCLUSION

**¶21** The judgment is vacated, and this matter is remanded for further proceedings following final resolution of the Connecticut appeal. In directing such a remand, this court need not — and expressly does not — address the differing views expressed by the parties on the validity of the Connecticut judgment, recognizing doing so is premature given the pendency of the appeal in Connecticut. Each party's request for an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 is denied without prejudice pending the final resolution of this matter. Son is awarded his taxable costs on appeal contingent upon his compliance with Ariz. R. Civ. App. P. 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA